## 55788. DASHER v. THE STATE.

WEBB, Judge.

Marcus Dasher shot and killed Charlie Sheffield, his ex-wife's husband. He was indicted for murder, convicted of voluntary manslaughter, appeals, and we affirm.

1. Dasher asserts in his first enumeration that the trial court erred in refusing to allow Sheffield's wife to testify that Sheffield had a bad temper and was prone to violence when he was drinking.

"Proof of violent and turbulent character of the deceased becomes admissible when it is shown prima facie that the deceased was the assailant, that the accused had been assailed, and that the accused was honestly seeking to defend himself. *Black v. State,* 230 Ga. 614 (3) (198

SE2d 314), and cits." *Henderson v. State,* 234 Ga. 827, 828 (1) (218 SE2d 612) (1975). The evidence here showed that Dasher slapped Sheffield while he was sitting in his car, and that when Sheffield got out of his car he had no weapons in his hand nor did he strike Dasher. When the state objected that the proper foundation under the "deceased aggressor" rule had not been laid, the trial court instructed Dasher's attorney as to the proper procedure. Rather than proceeding, however, counsel abandoned his inquiry into Sheffield's alleged character. This enumeration is without merit.

2. Enumerations 2, 3 and 4 contend that the trial court erred in failing to give certain charges requested by Dasher concerning justifiable homicide and the use of force in self-defense. The jury were charged the principles set forth in Criminal Code § 26-902 of use of force in defense of self and others, including justifiable homicide, and as to the rules they were to apply in determining whether or not Dasher was justified in his alleged reasonable belief that the use of deadly force was necessary. They were also instructed that it was proper to consider the relative size, strength, health and physical infirmities of Dasher and Sheffield. These instructions encompassed the same legal principles contained in Dasher's requests to charge and it was not error for the court to fail to adopt the exact language requested. *Hostetler v. State,* 145 Ga. App. 55 (2) (1978) and cits.

*Judgment affirmed. Quillian, P. J., and McMurray, J., concur.*

ARGUED MAY 3, 1978 — DECIDED MAY 31, 1978.

*Gibbs, Leaphart & Smith, T. Alvin Leaphart,* for appellant.

*Glenn Thomas, Jr., District Attorney, John P. Rivers, Assistant District Attorney,* for appellee.