## 40107. BAKER v. THE STATE.

GREGORY, Justice.

In November 1981, Richard Lamar Baker was convicted of the murder of his father and sentenced to life imprisonment. On appeal we remanded the case to determine whether the appellant was competent to stand trial at the time of his trial for murder. *Baker v. State,* 250 Ga. 187 (297 SE2d 9) (1982). We held that "if the appellant fails by a preponderance of the evidence to prove incompetence at the time of his [murder] trial, the verdict of guilty shall stand." 250 Ga. at 193.

Following a trial on this issue, the jury rejected appellant's special plea of insanity. We affirm.

(1) Appellant complains that the trial court erred in refusing to grant his motion for individual, sequestered voir dire. The record shows that appellant stated he did not wish to conduct individual voir dire unless the jurors were sequestered. Further, the voir dire was not transcribed, making it impossible for us to evaluate appellant's contention that his ability to select a jury was "chilled" by the trial court's ruling. We find appellant has not met his burden of showing the trial court abused its discretion in refusing to allow individual sequestered voir dire. *Mathis v. State,* 249 Ga. 454 (291 SE2d 489) (1982); *Whitlock v. State,* 230 Ga. 700 (198 SE2d 865) (1973).

(2) Appellant argues that the trial court erred in refusing to admit in evidence an unsigned document, produced by the Department of Offender Rehabilitation, indicating that, on May 6,

1982, appellant "condoned anti-social acts" and had a "distorted" concept of reality. Records which contain diagnostic opinions of third parties not before the court are not admissible under the business records exception to the hearsay rule. *Kesler v. State,* 249 Ga. 462 (291 SE2d 497) (1982); *Moody v. State,* 244 Ga. 247 (260 SE2d 11) (1979); OCGA § 24-3-14 (Code Ann. § 38-711).

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 21, 1983.

*Bennett, Wisenbaker & Bennett, Michael S. Bennett,* for appellant.

*H. Lamar Cole, District Attorney, James E. Hardy, Assistant District Attorney, Michael J. Bowers, Attorney General, Mary Beth Westmoreland, Assistant Attorney General,* for appellee.