74650. WILLIAMS v. THE STATE.
(358 SE2d 629)

BANKE, Presiding Judge.

In a four-count indictment, the appellant, Mary Ruth Williams, was charged with murdering Alfred Lee English, Jr., and committing aggravated assault against Alfred's mother, Barbara English, and his two sisters, Betty and Anne Marie English. The appellant was found guilty of involuntary manslaughter and three counts of simple assault. This appeal is from the denial of her motion for a new trial.

The state's evidence showed that while the appellant's ex-husband was driving away from the appellant's home in the company of Barbara English and her three children, appellant fired shots at the car, hitting and killing one of the children, Alfred English. *Held*:

1. In three separate enumerations of error the appellant contends the convictions are unsupported by the evidence. Reviewing the evidence in the light most favorable to the jury's verdict, we find that it was sufficient to enable a rational trier of fact to find the appellant guilty beyond a reasonable doubt of each of the offenses of which she was convicted. See generally *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Wallace v. State*, 178 Ga. App. 876 (344 SE2d 770) (1986).

2. The appellant contends the trial court erred in disallowing evidence of her ex-husband's past violence towards her. After a careful review of the transcript, we have determined that the stormy relationship which existed between the appellant and her ex-husband was in fact presented to the jury for their consideration, as was evidence of his propensity for violent behavior towards others. This enumeration of error consequently presents no issue for our consideration.

3. The appellant contends the trial court erred in refusing to grant a mistrial when the police chief, in response to a question posed by the district attorney concerning the appellant's physical condition, stated: "I went ahead and read her her rights, sir, and she elected not to talk to me until she had her attorney present. . . ."

Evidence that an accused exercised his or her right against self-incrimination is not admissible for such purposes as impeachment. *Clark v. State*, 237 Ga. 901 (230 SE2d 277) (1976). However, the testimony in this instance was inadvertently elicited by the state and was not used for impeachment purposes, as was the case in *Doyle v. Ohio*, 426 U. S. 610 (96 SC 2240, 49 LE2d 91) (1976). Moreover, "[t]he district attorney did not stress appellant's silence in an attempt to infer guilt, nor was the jury ever told that the appellant's silence could be used for impeachment purposes, much less as evidence of guilt. . . . To reverse a conviction, the evidence of the defendant's election to remain silent must point directly at the substance of the defendant's defense or otherwise substantially prejudice the defendant in the eyes of the jury." *Cape v. State*, 246 Ga. 520, 523 (272 SE2d 487) (1980). See also *Duncan v. State*, 252 Ga. 255 (312 SE2d 805) (1984). No such situation exists in this case.

*Judgment affirmed. Carley and Benham, JJ., concur.*

DECIDED JUNE 3, 1987 —
REHEARING DISMISSED JUNE 15, 1987.

*Robert S. Lanier, Jr.*, for appellant.
*J. Lane Johnston, District Attorney*, for appellee.