74753. BARTON v. THE STATE.
(361 SE2d 250)

BENHAM, Judge.

Appellant was convicted of escape. On appeal, he claims that he was denied the right to a fair trial by a jury of his peers through the district attorney's use of peremptory strikes to remove black people from the jury. He also argues that his right to a fair trial was compromised by his being tried in prison clothing.

1. Appellant contends that he should not have been tried before a jury in prison garb because his appearance unduly prejudiced the jury against him. Since appellant was being tried for escape, there was no harm in trying him in his prison uniform. *Ingram v. State*, 237 Ga. 613 (1) (229 SE2d 416) (1976); *Krist v. State*, 133 Ga. App. 197 (1) (210 SE2d 381) (1974).

2. We do, however, find merit in appellant's remaining enumeration of error. The record reflects that the venire in this case consisted of 48 persons, five of whom were black. Of the five, four were put upon appellant. In the course of voir dire, the State's attorney used

three of his ten peremptory challenges to eliminate three of the four black veniremen, but kept the fourth, so that there were eleven white jurors and one black juror. The State did not strike any white veniremen. When the jury had been selected, appellant moved for a mistrial, contending that the State had used its peremptory challenges to systematically exclude black jurors. In accordance with *Batson v. Kentucky*, 476 U. S. ___ (106 SC 1712, 90 LE2d 69) (1986), the trial court held a hearing on the motion to determine whether appellant made a prima facie case of purposeful discrimination, and ruled that appellant did not make out a prima facie case. We disagree with that ruling.

To establish a prima facie case of purposeful discrimination in jury selection under *Batson*, a defendant must show "that he is a member of a cognizable racial group, [cit.] . . . that the prosecutor has exercised peremptory challenges to remove from the venire members of the defendant's race, . . . that these facts and any other relevant circumstances raise an inference that the prosecutor used [the] practice [of peremptory strikes] to exclude the veniremen from the petit jury on account of their race . . . Once the defendant makes a prima facie showing, the burden shifts to the State to come forward with a neutral explanation for challenging black jurors . . . [T]he prosecutor may not rebut the defendant's prima facie case of discrimination by stating merely that he challenged jurors of the defendant's race on . . . his intuitive judgment — that they would be partial to the defendant because of their shared race . . . Nor may the prosecutor rebut the defendant's case merely by denying that he had a discriminatory motive . . . The prosecutor therefore must articulate a neutral explanation related to the particular case to be tried. The trial court then will have the duty to determine if the defendant has established purposeful discrimination." *Batson*, 90 LE2d at 87-89. In the case before us, the parties agreed that appellant was black and that the prosecuting attorney used his peremptory strikes to eliminate blacks from the jury. However, the trial court decided that since the prosecuting attorney did not strike all of the black veniremen, appellant did not make the requisite prima facie showing. The trial court's resolution of the problem raises the question, "Does the striking of all but one black person from the jury mean that appellant's constitutional right to equal protection of the laws has not been violated?" Our answer is "No." In reaching our decision, we follow the lead provided in *Fleming v. Kemp*, 794 F2d 1478 (11th Cir. 1986), a federal habeas corpus case that originated in Georgia. In *Fleming*, the prosecutor used eight of his ten peremptory challenges to strike blacks from the jury when the venire consisted of ten blacks and 45 whites. The district court found no prima facie case existed, but the 11th Circuit held that the defendant had a colorable *Batson* claim

even though the jury was not all white. The *Fleming* opinion states that "nothing in *Batson* compels the district court's conclusion that constitutional guarantees are never abridged if all black jurors but one or two are struck because of their race. On the contrary, *Batson* restates the principle that 'a single invidiously discriminatory governmental act' is not 'immunized by the absence of such discrimination in the making of other comparable decisions.' [Cits.] We cannot agree that *Batson* may be rendered a priori inapplicable by a prosecutorial game of numbers." *Fleming*, supra at 1483. We agree. In light of the fact that the State here used its strikes to eliminate only black veniremen and eliminated all but one for an as yet unarticulated reason, we hold that the inference of discriminatory behavior is sufficiently raised.

Since the trial court did not require the prosecution to explain its use of its peremptory challenges, we remand the case to allow the State's attorney to do so, after which the trial court shall make findings under *Batson*. See *Gamble v. State*, 257 Ga. 325 (357 SE2d 792) (1987); *Wise v. State*, 179 Ga. App. 115 (346 SE2d 393) (1986). If the trial court determines that the State's challenges violated *Batson*, a new trial with a properly composed jury shall be ordered; if it determines that there was no *Batson* violation, the conviction shall remain in effect. Either party may file a notice of appeal from the trial court's ruling made after remand.

*Case remanded with direction. Banke, P. J., and Carley, J., concur.*

DECIDED SEPTEMBER 18, 1987.

*Fred R. Kopp*, for appellant.
*Harry D. Dixon, Jr., District Attorney, Richard E. Currie, Assistant District Attorney*, for appellee.