## 74379. McCORMICK v. THE STATE.
### (362 SE2d 472)

McMurray, Presiding Judge.

Following a jury trial, defendant was convicted of the offenses of rape and burglary. In his sole enumeration of error, defendant contends the trial court erred in permitting the State to use its peremptory strikes in a discriminatory manner in contravention of *Batson v. Kentucky*, 476 U. S. ___ (106 SC 1712, 90 LE2d 69).

In *Batson v. Kentucky*, supra, the Supreme Court held that "the State's privilege to strike individual jurors through peremptory challenges, is subject to the commands of the Equal Protection Clause," and that "the Equal Protection Clause forbids the prosecutor to challenge potential jurors solely on account of their race or on the assumption that black jurors as a group will be unable impartially to consider the State's case against a black defendant." *Batson v. Kentucky*, 90 LE2d 69, supra at 82-83.

Under *Batson v. Kentucky*, supra, the burden of making a prima facie case of purposeful discrimination is on the defendant initially. To make this showing, the defendant need not show a pattern of discriminatory use of peremptory challenges. "[A] defendant may establish a prima facie case of purposeful discrimination in selection of the petit jury solely on evidence concerning the prosecutor's exercise of peremptory challenges at the defendant's trial. To establish such a case, the defendant first must show that he is a member of a cognizable racial group . . . and that the prosecutor has exercised peremptory challenges to remove from the venire members of the defendant's race." Id. at 87. In addition to these facts, the defendant can show other relevant circumstances which raise an inference that the prosecutor used peremptory strikes to exclude blacks from the petit jury in a purposefully discriminatory manner. Id. at 87-88.

If it is determined that the defendant made a prima facie showing, "the burden shifts to the State to come forward with a neutral explanation for challenging black jurors." Id. at 88. In this regard, "the prosecutor's explanation need not rise to the level justifying exercise of a challenge for cause . . . But the prosecutor may not rebut the defendant's prima facie case of discrimination by stating merely that he challenged jurors of the defendant's race on the assumption — or his intuitive judgment — that they would be partial to the defendant because of their shared race." Id. The prosecutor may not

rebut defendant's showing by simply denying that he exercised peremptory challenges in a discriminatory manner. He must "articulate a neutral explanation related to the particular case to be tried." Id.

The duty of deciding whether the defendant established intentional discrimination lies in the trial court. Id. A trial court's finding of purposeful discrimination is a finding of fact which must be given deference by an appellate court. Ordinarily, great deference should be given to such a finding since it "largely will turn on evaluation of credibility." *Batson v. Kentucky*, 90 LE2d 69, supra at 89, fn. 21. "Thus, we may only reverse the trial judge's determination that the prosecution's peremptory challenges were not motivated by intentional discrimination if that determination is clearly erroneous. *United States v. Tucker*, 773 F2d 136, 142 (7th Cir. 1985), cert. denied, ___ U. S. ___, 106 S.Ct. 3338, 92 L.Ed.2d 742 (1986)." *United States v. Mathews*, 803 F2d 325, 330 (7th Cir. 1986).

Keeping in mind the tenets enunciated in *Batson v. Kentucky*, supra, we turn to the case sub judice. The record shows that following voir dire and the selection of the jury (but before the jurors were sworn) defendant moved for a mistrial on the ground that the State employed its strikes in a purposefully discriminatory manner.[1] In support of his motion, defendant pointed out that he is black and that the prosecutor used all ten peremptory challenges to remove blacks from the venire. Responding to defendant's motion, the trial court made a thorough inquiry concerning the State's use of its peremptory strikes. The prosecutor then explained the reason behind each of his strikes. He stated that with one exception, he used his peremptory challenges to strike blacks who knew defendant. He pointed out that two blacks did not know defendant and that they were selected to serve on the petit jury. He added that he did not strike whites who knew defendant because he expected defendant to strike them. With regard to the stricken black juror who did not know defendant, the prosecutor explained that she was stricken because she was unemployed and her family was known to the sheriff. The trial court asked defendant if he had anything else to offer in support of his motion. He replied that he did not.

Upon reflection, the trial court denied defendant's motion. It explained: "[T]he Court is satisfied that the defendant has met his prima facie burden of showing that the State has employed its peremptory strikes [in] a racial manner. Therefore, the burden shifts to the State to show that it has not used [its] peremptory strikes in a racially discriminatory manner. The Court has heard the State give

---

[1] The motion was made in timely fashion. See in this connection *State v. Sparks*, 257 Ga. 97 (355 SE2d 658).

its [reasons] for the exercise of the [strikes] and is satisfied that the State has met its burden. Of the ten strikes used by the State, nine were employed against persons who indicated on voir dire examination that they knew the defendant. The other or remaining juror was stricken by the State because she was unemployed and because she or her family has had problems with the authorities in the past. The Court would note also for the record that of the twelve jurors selected, two are, in fact, black. The defendant is not being tried by an all white jury. Therefore, the defendant's motion under *Batson v. Kentucky* is denied."

Giving "great deference" to the trial court's conclusion that the State's peremptory challenges were not purposefully discriminatory, we find no error. While some of the prosecutor's comments may have been indicative of a racial motivation,[2] it cannot be said that, on balance, the trial court's finding was clearly erroneous. *United States v. Mathews*, 803 F2d 325, 330, supra. Legitimate reasons were presented by the prosecutor for exercising the peremptory challenges.

*Judgment affirmed. Sognier and Beasley, JJ., concur.*

DECIDED NOVEMBER 2, 1987.

*Alan P. Layne*, for appellant.
*Richard A. Malone, District Attorney*, for appellee.

---

[2] E.g., the prosecutor prefaced his comments by stating that he "struck young black males because of their being able to identify with the defendant."