75057. DURHAM v. THE STATE.
(363 SE2d 607)

McMURRAY, Presiding Judge.

Defendant appeals his conviction of two counts of armed robbery. *Held*:

1. Defendant enumerates as error the trial court's "failure to substitute counsel for Defendant upon evidence that Defendant and his counsel were inalterably in disagreement as to how to proceed; and defense counsel's failure to withdraw, upon being rejected by Defendant from April 1986 until the day prior to trial, resulted in prejudice to Defendant's substantial right to work with counsel in his defense effort." The factual predicate shown by the record refutes these suggested errors.

First, the suggested difference of opinion as to how to proceed between defense counsel and defendant is apparently a reference to

defendant's rejection of the State's plea bargaining offer despite defense counsel's advice that he accept the offer. We would not anticipate, nor does the record suggest, that this event in any way interfered with the effectiveness of defense counsel or otherwise prejudice defendant in regard to other matters. In any event, defendant is not guaranteed the right to a meaningful attorney-client relationship. *Morris v. Slappy*, 461 U. S. 1 (103 SC 1610, 75 LE2d 610).

Secondly, while defendant argues that defense counsel disregarded an ethical duty to withdraw from representation of defendant upon being rejected by defendant from April 1986 until the day prior to trial, the record shows that, during this period, defense counsel in compliance with defendant's choice did not act as defendant's attorney. Defense counsel's status during that time was to assist defendant in handling the case. On the day prior to trial, defendant indicated that he wished defense counsel to act as his attorney.

Finally, there was no error arising in this indigent defendant being confronted with choosing between representation by the appointed defense counsel and proceeding pro se. While an indigent defendant accused of a crime for which imprisonment is possible is entitled to have reasonably effective counsel provided to assist him, he is not entitled to counsel of his own choosing. *Rivers v. State*, 250 Ga. 288, 308 (6) (298 SE2d 10). A request by an indigent criminal defendant to discharge one court-appointed counsel and have another substituted in his place addresses itself to the sound discretion of the trial court. *Newby v. State*, 161 Ga. App. 805, 806 (2), 807 (288 SE2d 889). Thus, contrary to defendant's argument, any act of defendant which effectively terminated his counsel would not have had the effect of "triggering" a duty upon the part of the trial court to appoint another attorney for defendant prior to trial. Nor do the circumstances of the case sub judice require that the trial court exercise its discretion so as to appoint substitute counsel for defendant. This enumeration of error is without merit.

2. Defendant's second enumeration of error involves a challenge for favor of a venireman. The jury panel as a group was asked the statutory questions required by OCGA § 15-12-164. In response thereto, one of the veniremen stated that he had had a relative killed by an armed robber. The following colloquy then ensued between the trial court and the venireman:

"THE COURT: Mr. Hodnett, let me ask you these questions then, which are pertinent questions: You stated you've had a relative so killed. I ask you this: In view of that experience, are you in a situation where you cannot accept the law as I give you in instruction and apply it to the opinion that you entertain of the facts and render a fair and impartial verdict again based exclusively on the evidence presented in this courtroom and the law as it pertains to this case as

given you by the Court? Can you simply use that criteria and that alone to render a verdict in this case? MR. HODNETT: Sir, I'm afraid I will not be impartial. THE COURT: You might be partial, you think, to the State's case? MR. HODNETT: Yes, sir."

Subsequently, during individual voir dire defense counsel moved to strike the venireman for cause. While the record contains no transcript of the individual voir dire, there is a colloquy between the trial court and counsel transcribed which provides an uncontroverted account of the essential facts. An account of the individual voir dire of the venireman at issue as related by defendant's trial counsel follows:

"The Court inquired directly of him when he came up, the State and I did, during the course of my conversation with him, he indicated that he did not want to be on the jury and did not think he could be fair and impartial by being asked to serve on the jury. I then moved to strike him for cause. The Court inquired of him and asked him the questions, which are required by law to be asked. And in response to those questions asked by the Court, he indicated at that point he thought he could be impartial and fair and decide the case on the evidence that was heard in the courtroom only and put aside his own personal opinions.

"Based on that, I then withdrew my motion to strike for cause. When I did that, my client, Mr. Durham, indicated to me he was not — did not feel that was proper and wanted to address the Court about it. I told him I would do that and brought it to the Court's attention to wait until we finished the panel to see if he had any other questions of any other jurors. He's at the point now he wants to make a statement to the Court about this matter. If that's not a correct rendition —"

Thereafter, defendant's remarks conceded that qualifying the venireman at issue was legal, but contended that it was nonetheless unfair. The defendant's remarks were viewed as having reinstated the defense motion to excuse the venireman for cause. This defense motion was then overruled by the trial court.

While the venireman may have initially expressed some doubt as to his impartiality, this does not demand as a matter of law that he be excused for cause. The venireman having indicated to the trial court that he could render a fair and impartial verdict based solely on the evidence presented in court the venireman was prima facie competent to serve as a juror in the case sub judice. Whether to strike a juror for favor lies within the sound discretion of the trial court. Under the circumstances of the case sub judice, we find no abuse of the trial court's discretion. *Harris v. State*, 178 Ga. App. 735 (1) (344 SE2d 528); *Foster v. State*, 248 Ga. 409, 410 (3) (283 SE2d 873). This enumeration of error is without merit.

3. Defendant, who is black, contends the trial court erred in sus-

taining the State's peremptory strike of the only black person on the panel of prospective jurors. This enumeration involves the application of the principles announced in *Batson v. Kentucky*, 476 U. S. ___ (106 SC 1712, 90 LE2d 69). "If the defendant can establish a prima facie case of racial discrimination in the prosecutor's exercise of his peremptory challenges, the prosecutor must explain his exercise of peremptory challenges, and demonstrate that racially neutral criteria prompted the exercise of his peremptory challenges." *Gamble v. State*, 257 Ga. 325 (2) (357 SE2d 792).

In the case sub judice, the State exercised a peremptory challenge against the sole black prospective juror. As this resulted in the total elimination of blacks from the venire, we view this as establishing a prima facie case of racial discrimination, albeit due to the absence of any true "pattern" of strikes giving an inference of discrimination and the minimal disparity between the black percentage of the jury and the black percentage of the panel we view this as an extremely weak prima facie case established by defendant. "[A] weak prima facie case may be rebutted more readily than a strong one." *Gamble v. State*, 257 Ga. App. 325, 327 (5), supra.

The prosecutor offered two reasons for striking the black venireman. One was the venireman's undergraduate degrees in psychiatry and theology. The trial court recalled that "it was psychology I think he testified psychology." Actually the venireman had received minors in psychology and theology while his major was in business. However, a prosecutor may strike from mistake, so long as the assumptions involved are racially neutral. *Gamble v. State*, 257 Ga. 325, 326 (2), supra. The second reason was the black venireman's close friendship with several defense attorneys in the area. The State was also mistaken in this regard as the evidence only shows that the venireman was a social acquaintance of several attorneys.

The trial court accepted the State's proffered rebuttal, finding that the prosecutor had offered racially neutral reasons for striking the sole black prospective juror. The trial court's findings are entitled to great deference and will be affirmed unless clearly erroneous. *Gamble v. State*, 257 Ga. 325, 327 (5), supra. While defendant questions the viability of an inference that the venireman's studies of psychology and theology suggest that he is a person of a nature not satisfactory for service as a juror to the State, the trial court noted having seen the State strike such individuals in the past and noted that in the case sub judice the State had used a peremptory strike to remove a similar individual, a teacher of handicapped children. Additionally, we reject defendant's suggestion that the humanistic attitudes commonly associated with liberal arts "soft" studies is necessarily attenuated by the venireman's business studies. Under the circumstances of the case sub judice, we find no error in the trial court's determination

that the prosecutor successfully established that racially neutral criteria prompted the State's exercise of its peremptory challenges.

4. Defendant's remaining enumerations are without merit. Enumeration 4 may not be considered because it is predicated entirely on factual representations in defendant's brief which are not supported by the transcript and do not appear in the record. *Chamlee v. State*, 166 Ga. App. 696, 697 (2) (305 SE2d 369).

Enumeration 5 dealing with the admissibility of evidence concerning a photo lineup involves issues which were not raised at trial. Issues which were not raised in the trial court cannot be raised for the first time on appeal. *Johnston v. State*, 178 Ga. App. 219, 222 (342 SE2d 706); *Reynolds v. State*, 168 Ga. App. 555, 556 (2) (309 SE2d 867). Furthermore, defendant's contention that a photographic lineup constituted a "critical stage" requiring the presence of counsel is controlled adversely to him by *Campbell v. State*, 147 Ga. App. 554 (2) (249 SE2d 356).

On Count 1, defendant was sentenced to "confinement for a period of life . . . to be served consecutive to any sentence defendant may now be serving." In Enumeration 6 defendant contends the life sentence must be adjusted to run consecutive only to the sentence arising from a Gordon County conviction considered at the presentence hearing. Defendant contends that the sentence in effect permits consideration of other convictions defendant was not given notice of so as to eviscerate OCGA § 17-10-2 (a). However, the presumption is that the trial court considered only legal evidence. *Welborn v. State*, 166 Ga. App. 214, 215 (303 SE2d 755). Also, as the sentence is within the limits of the law nothing in this regard is presented for review. *Tommie v. State*, 158 Ga. App. 216, 217 (279 SE2d 510).

*Judgment affirmed. Sognier and Beasley, JJ., concur.*

DECIDED DECEMBER 2, 1987.

*John T. Sherwood, Jr.*, for appellant.

*Thomas J. Charron, District Attorney, Nancy I. Jordan, John M. Cross, Frank R. Cox, Assistant District Attorneys*, for appellee.