### 76185. HAGANS v. THE STATE.
(369 SE2d 536)

BEASLEY, Judge.

Indicted for murder, defendant appeals his conviction of voluntary manslaughter, OCGA § 16-5-2. His enumerations of error are: the court erred in not admitting proof of the victim's violent character; the court erred in admitting his own statement into evidence; the evi-

dence was insufficient to support the verdict.

1. When relying on the defense of justification in a homicide case, in order to introduce evidence of the violent nature of the deceased victim, defendant must make a prima facie showing that the victim was the aggressor, was assailing defendant, and defendant was honestly seeking to defend himself. *Bennett v. State*, 254 Ga. 162, 164 (3) (326 SE2d 438) (1985); *Milton v. State*, 245 Ga. 20, 22 (262 SE2d 789) (1980); *Dasher v. State*, 146 Ga. App. 118 (1) (245 SE2d 476) (1978). Whether these criteria have been met is a matter within the sound discretion of the trial court. *Curtis v. State*, 241 Ga. 125, 126 (1) (243 SE2d 859) (1978).

After defendant and the victim engaged in a fight and were separated, the victim struck a bystander and was in turn struck in the face with a gun by the bystander. During this time, defendant took a pistol from the interior of his truck. The victim fled the scene and was running away from defendant when defendant fired two to four shots, one of which struck the victim in the back and killed him. Defendant testified that while fleeing, the victim turned "like he was going to turn around and come back," and defendant feared that he might be armed. The trial court did not err in holding that this failed to make a prima facie showing that defendant was honestly seeking to defend himself. See *Cooper v. State*, 249 Ga. 58, 61 (2) (287 SE2d 212) (1982); *Maynor v. State*, 241 Ga. 315, 316 (245 SE2d 268) (1978).

2. Prior to the introduction of defendant's statement into evidence, the trial court conducted a *Jackson v. Denno*, 378 U. S. 368 (84 SC 1774, 12 LE2d 908) (1964), hearing. The Court determined that proper *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966), warnings were given and that the accused freely and voluntarily gave the statement, after he turned himself in to the police. Because factual and credibility determinations by the trial court will not be disturbed unless clearly erroneous, the evidence was sufficient to sustain the court's findings and it was not error to permit the statement to be introduced. *Stidem v. State*, 246 Ga. 637, 639 (2) (272 SE2d 338) (1980); *Birt v. State*, 170 Ga. App. 57 (316 SE2d 169) (1984).

3. Defendant countered the evidence of the killing by seeking to justify his acts based upon reasonable fears (OCGA § 16-3-21) or as the result of sudden passion raised by the victim's provocative conduct. The sufficiency of the provocation and the questions of reasonable fears and "cooling time" were the jury's to determine. *Campbell v. State*, 222 Ga. 570, 573 (1) (151 SE2d 132) (1966); *Sawyer v. State*, 161 Ga. App. 479, 482 (288 SE2d 108) (1982); *Ward v. State*, 151 Ga. App. 36, 37 (1) (258 SE2d 699) (1979). Defendant's conviction of voluntary manslaughter was authorized by the evidence under the test of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

See *Gregg v. State*, 233 Ga. 117, 121 (2) (210 SE2d 659) (1974); *Thomas v. State*, 184 Ga. App. 131, 132 (2) (361 SE2d 21) (1987); *Hardeman v. State*, 180 Ga. App. 632 (1) (349 SE2d 839) (1986).

*Judgment affirmed. Birdsong, C. J., and Banke, P. J., concur.*

DECIDED MAY 20, 1988.

*Harlan M. Starr*, for appellant.

*Jack O. Partain III, District Attorney, Lee R. Taylor, Assistant District Attorney*, for appellee.