77164. GLANTON v. THE STATE.
77165. JONES v. THE STATE.
(376 SE2d 386)

BIRDSONG, Chief Judge.

Appellants, Eddie Glanton and Travis Jones, were jointly tried and convicted of burglary. Each has filed a separate appeal. *Held*:

1. Both appellants contend the trial court erred in allowing the State to use its peremptory strikes to exclude from the jury all three blacks who were prospective jurors. Counsel for Jones did not participate either in the initial jury voir dire of the prospective jurors or in the hearing on Glanton's motion raising this objection. Following Jones' counsel's arrival, he expressed a desire to proceed with the trial, even though the trial court offered to allow his client to be tried separately. He was then allowed to question the jurors already selected for the purpose of determining whether they were qualified to try Jones, with the understanding that if there was "one juror, or more, that might be disqualified, or for whatever reason would be objectionable, and couldn't serve on the jury [t]hen, of course, we would have to start all over. . . ." Following this voir dire the State said: "We don't have any problems with this jury. [Jones' counsel]: None on behalf of Mr. Jones. [Glanton's counsel]: I wish I had some excuse, but I picked them, so I have got no problems."

Under the foregoing circumstances, we hold that Jones waived any objections to the composition of the jury which ultimately convicted him by affirmatively choosing to be tried by this jury rather than "to start all over." See generally *Spencer v. Hopper*, 243 Ga. 532, 536-537 (255 SE2d 1), U. S. cert. den. 444 U. S. 885; *Atkins v. Martin*, 229 Ga. 815 (3) (194 SE2d 463); *Scott v. State*, 172 Ga. App. 725, 727 (3) (324 SE2d 565).

2. Turning to appellant Glanton's challenge to the array based on *Batson v. Kentucky*, 476 U. S. 79 (106 SC 1712, 90 LE2d 69), we have found no prejudicial error. An appellate court is at a tremendous disadvantage in reviewing a record for error, when the basis for the

claim of error is not recorded. See *Baker v. State*, 251 Ga. 464 (306 SE2d 917). In the instant case, error is asserted on the basis of peremptory challenges exercised by the State and voir dire was not recorded, nor was any attempt made to reconstruct the record. This court must rely upon the recollection of the parties and the trial judge as to what occurred during voir dire. It is not contested that the State used three of its peremptory challenges to strike three blacks from the venire. Nor is it at issue that they were the only three blacks in the venire pool. We find no possible error as to the striking of two of the blacks because they had testified they were "friends" of the defendant. Juror number 13 was struck because she said "she knew the defendant, she was friends with him." A second potential black juror was struck because she said "she had been friends of the family for a long time. . . ." The third juror, "Portia L. McCutchins, she said that she knew the defendant, that's the reason we struck her." The assistant district attorney advised the court that she believed "the fact that they know the defendant might make them tend to lean toward what the defendant says, and we used our strikes in that manner." Opposing counsel mentioned that a white juror also testified that he knew the defendant "by sight" and was not challenged. Appellant's counsel argued to the trial court that the black jurors said "that they could be fair and impartial and that *their friendship* with the defendant would not, in any way, influence them. . . ." (Emphasis supplied.) Hence, he argued that the State had not made a sufficient showing to rebut the inference of prejudice. The trial court disagreed and found that "although it may be a close question, as to the reasons for striking the McCutchins juror, there might be the same reasons for striking various white jurors. The Court will permit the trial to proceed with the jurors that are in the box."

The proscription set forth in *Batson*, supra, is that a prosecutor " 'may not strike a black juror *solely* because of his race, nor may he strike on the basis of an assumption which arises "solely from the jurors' race." ' " *Mincey v. State*, 257 Ga. 500, 502 (360 SE2d 578). This did not occur in the case at bar. The defendant can establish a prima facie case of purposeful discrimination in selection of the petit jury on evidence that the prosecutor struck all black members of the venire. *Durham v. State*, 185 Ga. App. 163, 166 (363 SE2d 607). Once the defense makes this prima facie showing, the burden shifts to the State to come forward with a race-neutral explanation for challenging black jurors. *Barton v. State*, 184 Ga. App. 258, 259 (361 SE2d 250). In this appeal, the prosecution established a racially-neutral basis for challenging each juror—that each black juror knew the defendant. The assistant district attorney argued to the judge: "the State often strikes people that they know the defendant, or if they know [defendant's counsel] or know some of the witnesses, so that is

something we commonly do, whether or not they are black or white." Once the prosecution establishes a " 'neutral explanation related to the particular case to be tried[, t]he trial court then will have the duty to determine if the defendant has established purposeful discrimination.' " *Barton v. State*, supra, 259. "The trial court's findings are, of course, entitled to 'great deference,' *Batson*, supra . . . and will be affirmed unless clearly erroneous." *Gamble v. State*, 257 Ga. 325, 327 (357 SE2d 792); accord *Durham v. State*, supra; *McCormick v. State*, 184 Ga. App. 687, 688-689 (362 SE2d 472); *Killens v. State*, 184 Ga. App. 717, 720 (362 SE2d 425); *Evans v. State*, 183 Ga. App. 436, 440 (359 SE2d 174). Because the U. S. Supreme Court has cautioned us that " 'the trial judge's findings in the context under consideration here largely will turn on evaluation of credibility . . . a reviewing court ordinarily should give those findings great deference.' " *Hillman v. State*, 182 Ga. App. 47, 48 (354 SE2d 673).

We should consider that basically "*Batson* stands for the principle that a prosecutor may not strike a black juror . . . because of his race." *Ford v. State*, 257 Ga. 661 (362 SE2d 764). Not only was the challenge here not based upon race, but upon the fact that the juror knew the defendant, which is a racially-neutral basis, and the trial court found no merit to the motion. That finding is due great deference and "will be affirmed unless clearly erroneous." *Gamble*, supra. The trial court's ruling cannot be found clearly erroneous when the challenge is not based upon racial grounds, but upon the racially-neutral grounds that prosecutors use every day in every court of this state. See *Mincey v. State*, supra; *Durham*, supra; *McCormick*, supra; *Killens*, supra; *Evans*, supra; *Hillman*, supra.

This enumeration is without merit.

3. The appellants allege error in the refusal of the trial court to grant a mistrial after a police officer responded to the question: "Did you do anything else after that? A. On the 3rd of June, I asked Jones and Glanton if they wanted to make a statement, both declined to make a statement." Appellants' counsel objected and moved for a mistrial, which was denied. "Improper reference to a defendant's silence, however, does not automatically require reversal." *Hill v. State*, 250 Ga. 277, 283 (295 SE2d 518). Here, as in *Williams v. State*, 183 Ga. App. 281, 282 (358 SE2d 629), the information was "inadvertently elicited," and the determination of whether this was harmful or harmless error must be determined when "juxtaposed against the strength of the evidence of defendant's guilt. *Sullivan v. Alabama*, 666 F2d 478, 485 (11th Cir. 1982)." *Hill*, supra at 283. In the instant case, Glanton, Jones and Tim Hightower were jointly indicted for the burglary. Hightower testified for the State and identified Glanton and Jones as participating with him in the actual burglary. Four of the stolen tires were found under Jones' father's house and two on Jones'

508

father's truck. When the tires were discovered, Jones' father told the officer the tires on his truck were given to him by his son. Three of the stolen tires were found on Glanton's car. Both Glanton and Jones denied participating in the burglary and said Hightower was the source of the tires. We find no reversible prejudice in the improper reference to the appellants' silence, particularly when the trial court instructed the jury to disregard such testimony.

*Judgments affirmed. Deen, P. J., Carley, Sognier, Pope and Beasley, JJ., concur. McMurray, P. J., Banke, P. J., and Benham, J., concur in part and dissent in part.*

BANKE, Presiding judge, concurring in part and dissenting in part.

I concur in Divisions 1 and 3 of the majority opinion but dissent to Division 2. As acknowledged by the majority, the state was required to articulate a racially neutral explanation for its decision to strike all the black jury panel members. See *Durham v. State*, 185 Ga. App. 163, 166 (363 SE2d 607) (1987); *Barton v. State*, 184 Ga. App. 258, 259 (361 SE2d 250) (1987). The state unquestionably met this burden with respect to the two black panel members who proclaimed a personal friendship with Glanton. However, the third black panel member merely stated that "she knew [Glanton] by sight." When Glanton's counsel observed that the state had not used a peremptory strike against a white juror who had said the same thing, the state's attorney simply responded that her decision to strike the black juror had not been racially motivated, without offering any further explanation.

In *Batson v. Kentucky*, 476 U. S. 79, 98 (106 SC 1712, 90 LE2d 69) (1986), the Supreme Court held that mere denial of discriminatory intent will not suffice to rebut a prima facie showing of racial discrimination in the exercise of peremptory strikes. Because I do not believe the state met its burden of articulating a racially neutral reason for striking each of the three black jury panel members in this case, I would reverse Glanton's conviction.

I am authorized to say that Presiding Judge McMurray and Judge Benham join in this opinion.

DECIDED NOVEMBER 10, 1988 —
REHEARING DENIED DECEMBER 5, 1988.

*W. Benjamin Ballenger*, for appellant (case no. 77164).
*Carlton H. Vines*, for appellant (case no. 77165).
*David L. Lomenick, Jr., District Attorney, Susan R. Sarratt, As-*

*sistant District Attorney*, for appellee.