A89A0082. KINCEY v. THE STATE.
(381 SE2d 439)

POPE, Judge.

Defendant Joseph Kincey appeals from his conviction and sentence for the offense of burglary. *Held:*

1. Defendant first contends that the State used its peremptory strikes in a racially discriminatory manner in violation of the mandate of *Batson v. Kentucky*, 476 U. S. 79 (106 SC 1712, 90 LE2d 69) (1986). Defendant, who is black, was tried by an all-white jury after the State used three of its peremptory challenges to strike three blacks from the venire, which was composed of thirty-nine whites and three blacks. The record shows that two of the jurors were struck because they had close relatives who had been convicted of committing felonious crimes and the third juror was struck because he had recently served on a jury which had returned a not guilty verdict in a criminal case in which the prosecutor believed sufficient evidence was presented to warrant a finding of guilty. The prosecutor further stated that he tried to keep a record of all jurors who returned not guilty verdicts and that in all cases "we do not accept that juror again regardless of race." The trial court ruled that the strikes were "not racially motivated or based strictly upon the issue of race," and denied defendant's *Batson* challenge.

"The proscription set forth in *Batson*, supra, is that a prosecutor may not strike a black juror *solely* because of his race, nor may he strike on the basis of an assumption which arises solely from the jurors' race. *Mincey v. State*, 257 Ga. 500, 502 (360 SE2d 578) [(1987)]. . . . The defendant can establish a prima facie case of purposeful discrimination in selection of the petit jury on evidence that the prosecutor struck all black members of the venire. *Durham v. State*, 185 Ga. App. 163, 166 (363 SE2d 607) [(1987)]. Once the [defendant] makes this prima facie showing, the burden shifts to the State to come forward with a race-neutral explanation for challenging black jurors. *Barton v. State*, 184 Ga. App. 258, 259 (361 SE2d 250) [(1987)]. In this appeal, the prosecution established a racially-neutral basis for challenging each juror. . . . Once the prosecution establishes

a neutral explanation related to the particular case to be tried, the trial court then will have the duty to determine if the defendant has established purposeful discrimination. *Barton v. State*, supra, 259. The trial court's findings are, of course, entitled to great deference, *Batson*, supra . . . and will be affirmed unless clearly erroneous. *Gamble v. State*, 257 Ga. 325, 327 (357 SE2d 792) [(1987)]; accord *Durham v. State*, supra; *McCormick v. State*, 184 Ga. App. 687, 688-689 (362 SE2d 472) [(1987)]; *Killens v. State*, 184 Ga. App. 717, 720 (362 SE2d 425) [(1987)]; *Evans v. State*, 183 Ga. App. 436, 440 (359 SE2d 174) [(1987)]. Because the U. S. Supreme Court has cautioned us that the trial judge's findings in the context under consideration here largely will turn on evaluation of credibility . . . a reviewing court ordinarily should give those findings great deference. *Hillman v. State*, 182 Ga. App. 47, 48 (354 SE2d 673) [(1987)]." (Punctuation omitted.) *Glanton v. State*, 189 Ga. App. 505, 506-507 (376 SE2d 386) (1988). See also *Bess v. State*, 187 Ga. App. 185 (1) (369 SE2d 784) (1988).

Applying this standard, we agree that the trial court correctly found that the State presented legitimate reasons for exercising its peremptory challenges, and that defendant's prima facie case of racial discrimination was rebutted. Consequently, the trial court's denial of defendant's *Batson* motion was not erroneous and must be affirmed.

2. Defendant also contends that the trial court erred in admitting into evidence his in-custody statement, in which he admitted he broke into the victims' house and stole a purse sitting on a table near where he entered the premises. At the *Jackson-Denno* hearing conducted prior to the admission of defendant's statement, the officer who conducted the in-custody interview of the defendant testified that he advised defendant of his rights, that defendant executed a waiver of counsel form, that defendant indicated he was willing to talk to the officer without an attorney present and that defendant admitted he committed the crime with which he was charged. The officer further testified that defendant initially indicated that he would provide a written as well as verbal admission of guilt but he later advised the officer that he was no longer willing to make a written statement. Defendant testified that he requested an attorney and that he refused to make a statement concerning his guilt or innocence of the crime charged.

" 'In deciding the admissibility of a statement during a *Jackson-Denno* hearing, the trial court must consider the totality of the circumstances and must determine the admissibility of the statement under the preponderance of the evidence standard.' . . . *Howard v. State*, 180 Ga. App. 817 (1) (350 SE2d 825) (1986). 'Although not without conflict, the evidence produced at that hearing did support the trial court's finding that (defendant's) statement had been freely

and voluntarily made. "A trial court's findings as to factual determinations and credibility relating to the admission of in-custody statements will be upheld on appeal unless clearly erroneous. (Cit.)" (Cits.) The trial court did not err in admitting [defendant's] in-custody statement into evidence.' *Hart v. State*, 185 Ga. App. 141, 142 (363 SE2d 599) (1987). Accord *Gaines v. State*, 179 Ga. App. 623 (1) (347 SE2d 673) (1986); see also *Sanders v. State*, 182 Ga. App. 581 (1) (356 SE2d 537) (1987); *Grayer v. State*, 181 Ga. App. 845 (4) (354 SE2d 191) (1987); *Newsome v. State*, 180 Ga. App. 243 (3) (348 SE2d 759) (1986); *Jones v. State*, 178 Ga. App. 15 (2) (342 SE2d 5) (1986)." *Johnson v. State*, 188 Ga. App. 499, 500 (373 SE2d 284) (1988).

3. Defendant also challenges the sufficiency of the evidence. Viewed so as to support the verdict, we find the evidence adduced at trial was sufficient to authorize a rational trier of fact to find defendant guilty of the crime charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Nebbitt v. State*, 187 Ga. App. 265 (1) (370 SE2d 1) (1988); *Spivey v. State*, 186 Ga. App. 236 (7) (366 SE2d 838) (1988). Consequently, this enumeration affords no basis for reversal.

4. We have examined defendant's remaining enumeration and find it to be without merit.

*Judgment affirmed. Banke, P. J., and Sognier, J., concur.*

DECIDED APRIL 11, 1989.

*James A. Yancey, Jr.*, for appellant.
*Harry D. Dixon, Jr., District Attorney, Richard E. Currie, Assistant District Attorney*, for appellee.