## A91A1746. RANDOLPH v. THE STATE.
(416 SE2d 117)

CARLEY, Presiding Judge.
Appellant was tried before a jury and found guilty of violating the Georgia Controlled Substances Act. He appeals from the judgment of conviction and sentence entered by the trial court on the jury's guilty verdict.

1. It is urged that, at trial, the State was erroneously allowed to meet its evidentiary burden of proving appellant's commission of a purportedly similar crime by merely introducing a certified copy of an indictment. *Stephens v. State*, 261 Ga. 467, 468 (6) (405 SE2d 483) (1991). The record shows, however, that this issue was not preserved for appellate review. *Hunter v. State*, 202 Ga. App. 195 (3) (413 SE2d 526) (1991).

2. Appellant was relying upon the defense of misidentification and it was for the jury to determine the credibility of the eyewitness testimony wherein appellant was positively identified as the perpetrator. Construing the evidence adduced at trial most favorably for the State, it was sufficient to authorize a rational trior of fact to find proof of appellant's guilt beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

3. Through a timely invocation of *Batson v. Kentucky*, 476 U. S.

79 (106 SC 1712, 90 LE2d 69) (1986) and a showing that counsel for the State had employed peremptory strikes to remove both of the two black prospective jurors, appellant made a strong prima facie case of racial discrimination. *Gamble v. State*, 257 Ga. 325, 326 (3) (357 SE2d 792) (1987); *Durham v. State*, 185 Ga. App. 163, 166 (3) (363 SE2d 607) (1987). Accordingly, counsel for the State was correctly required to explain his employment of the peremptory strikes. After receiving the explanations, the trial court found no *Batson* violation. Appellant enumerates this ruling as error.

"The proscription laid down in *Batson* is that a prosecutor may not strike a black juror solely because of his race, nor may he strike on the basis of an assumption which arises 'solely from the jurors' race,' nor may he strike 'to exclude . . . veniremen from the petit jury on account of their race.' [Cit.] A strike exercised under such an assumption will run afoul of the requirements of *Batson* that the action must be 'neutral,' 'legitimate,' and 'nondiscriminatory,' and shown to be such by 'clear and reasonably specific' explanations." *Gamble v. State*, supra at 325-326 (2). "In order to rebut a prima facie case of racial discrimination in the exercise of peremptories, the prosecutor must explain each peremptory challenge of a black prospective juror. The explanation 'need not rise to the level justifying exercise of a challenge for cause,' but it must be 'neutral,' 'related to the case to be tried,' and a ' "clear and reasonably specific," explanation of his "legitimate reasons" for exercising the challenges.' [Cits.]" *Gamble v. State*, supra at 327 (5).

One of the two prospective jurors in this case was stricken because it had been established on voir dire that she knew appellant and several of his family members. As to this prospective juror, counsel for the State clearly offered a sufficiently neutral, legitimate and nondiscriminatory explanation for his employment of a peremptory strike. *Bess v. State*, 187 Ga. App. 185, 186 (1) (369 SE2d 784) (1988); *McCormick v. State*, 184 Ga. App. 687, 688 (362 SE2d 472) (1987).

As to the employment of the other peremptory strike, counsel for the State offered as his explanation the possibility that the prospective juror would be unable to be fair and impartial as between appellant and the State. Possible juror bias is a neutral, legitimate and nondiscriminatory basis for the exercise of a peremptory strike. Accordingly, if the record demonstrated even "relatively weak" support for the exercise of the peremptory strike on that basis, it would not be error for the trial court to have found that appellant's prima facie case had been rebutted. *Gamble v. State*, supra at 327 (5); *Bess v. State*, supra at 187 (1).

The prospective juror was shown to be a member of certain all-black professional or social organizations. However, this lends no more support for concluding that he would possibly be biased in favor

of appellant than a white prospective juror's membership in all-white similar organizations would lend any support to the conclusion of possible bias in favor of the State. In either event, the possibility that juror bias is demonstrated by mere membership in such organizations would be based upon an impermissible assumption ultimately arising solely from the juror's race.

The prospective juror was also shown to be of the general opinion that racism is present "everywhere" and that it is even present in the judicial system itself. However, the prospective juror did not express an opinion that the judicial system is itself racist and there is nothing to support the conclusion that he was of the opinion that any and all defendants in criminal cases were necessarily to be viewed as victims of racism. That he held the general opinion that, to some unquantified degree, there is racism *in* the judicial system is no more indicative of his possible bias in favor of appellant than a white prospective juror's general opinion that racism is present "nowhere" would be indicative of possible bias in favor of the State. In either event, the possibility that juror bias is demonstrated by a general opinion as to the existence or non-existence of racism would be based upon an impermissible assumption ultimately arising solely from the juror's race. Moreover, the prospective juror further indicated that he himself had no prior personal involvement with the judicial system and there is nothing to indicate that his own selection as a juror would not, in and of itself, be sufficient to dispel his opinion as to the presence of racism in the judicial system. If the prospective juror had betrayed the possible existence of his own racist opinions, a peremptory strike would be warranted. However, he merely expressed a general opinion that others still held racist beliefs and he did not indicate that his opinion in that regard would in any way possibly bias him against the State in its effort to secure appellant's conviction.

It follows that the record does not demonstrate even "relatively weak" support for the exercise of the peremptory strike on the basis of possible juror bias. To the contrary, the record demonstrates the lack of *any* support for the exercise of the peremptory strike on that basis. "In these circumstances, the trial court's finding that the prosecutor successfully rebutted the prima facie *Batson* case is clearly erroneous. . . . We must therefore reverse. Because the evidence meets the standard of *Jackson v. Virginia*, [supra], the case may be retried before a properly selected jury." *Gamble v. State*, supra at 330 (6, 7).

*Judgment reversed. Judge Arnold Shulman concurs. Beasley, J., concurs specially.*

BEASLEY, Judge, concurring specially.

I concur in Divisions 2 and 3, but with respect to Division 1, I do not agree that the issue was not preserved. See the dissents in *Hunter*

*v. State*, 202 Ga. App. 195 (413 SE2d 526) (1991). Since we have reversed the judgment on another ground so that a new trial is required, the issue is moot.

DECIDED FEBRUARY 13, 1992 —
RECONSIDERATION DENIED MARCH 2, 1992.

*Summer & Summer, Chandelle T. Summer*, for appellant.
*C. Andrew Fuller, District Attorney, C. David Turk III, Assistant District Attorney*, for appellee.