## A92A1521. FREELAND v. BAKER.
### (422 SE2d 315)

McMURRAY, Presiding Judge.

Plaintiff Michael Baker brought suit against Kenneth Morris Freeland seeking damages for battery. The jury awarded Baker $25,000 and judgment was entered accordingly. Freeland appeals following the denial of his motion for a new trial. In his sole enumeration of error, Freeland contends the trial court erred in permitting the jury to view a videotape of an arthroscopic surgical procedure performed on Baker's shoulder.

Dr. Eugene B. Pendleton performed the surgery on Baker's shoulder. He testified, via deposition, that he made a videotape recording of the surgery; that the recording accurately portrays the events that took place during the surgery; and that his voice is heard on the videotape because he described the procedures as he performed them. Dr. Pendleton also testified that he videotapes and narrates every surgery that he performs with an arthroscope.

Freeland objected to the introduction of the videotape in evidence on the ground that it constituted hearsay. The trial court over-

ruled the objection, holding the videotape was admissible as a business record. *Held*:

OCGA § 24-3-14 (b) provides: "Any writing or record, whether in the form of an entry in a book or otherwise, made as a memorandum or record of any act, transaction, occurrence, or event shall be admissible in evidence in proof of the act, transaction, occurrence, or event, if the trial judge shall find that it was made in the regular course of any business and that it was the regular course of such business to make the memorandum or record at the time of the act, transaction, occurrence, or event or within a reasonable time thereafter." In light of the legislature's admonition that OCGA § 24-3-14 is to be liberally construed, OCGA § 24-3-14 (d), we have no hesitation in concluding that the videotape was admissible as a business record. "The Georgia statute does not prescribe the form or type of record to be admitted in evidence, providing merely for the admissibility of any 'writing or record, whether in the form of an entry in a book *or otherwise* . . . ,' and vesting a wide discretion in the trial judge. [Cit.] (Emphasis supplied.) Moreover, the sanction that the section be liberally interpreted and applied was expressly reiterated by a resolution of legislative intent. (Ga. L. 1958, p. 542.) Thus we conclude that our statute was intended to bring the realities of business and professional practice into the courtroom and should not be interpreted so as to destroy its obvious usefulness." *Cotton v. John W. Eshelman & Sons, Inc.*, 137 Ga. App. 360, 363 (3), 364 (223 SE2d 757).

Of course, OCGA § 24-3-14 does not authorize the introduction of a videotape containing the diagnostic opinions of physicians or persons not subject to cross-examination. See *Baker v. State*, 251 Ga. 464 (306 SE2d 917); *Knudsen v. Duffee-Freeman, Inc.*, 95 Ga. App. 872, 875 (2) (99 SE2d 370). In the case sub judice, however, Dr. Pendleton did not render diagnostic opinions on the videotape — he simply described the steps he took during the course of the surgery. Besides, Freeland could have cross-examined Dr. Pendleton with regard to the contents of the videotape during the course of Dr. Pendleton's deposition. It cannot be said, therefore, that Dr. Pendleton was unavailable for cross-examination.

*Judgment affirmed. Cooper, J., concurs. Sognier, C. J., concurs in the judgment only.*

DECIDED SEPTEMBER 11, 1992.

*Billy W. Crecelius, Jr.*, for appellant.
*Patrick J. Gibbs, Harold K. Corbin*, for appellee.