## 63830. ANSLEY v. THE STATE.

DEEN, Presiding Judge.

The defendant appeals her conviction of selling 4.8 grams of marijuana.

1. During the voir dire defense counsel asked the prospective jurors whether any of them knew the district attorney personally. A prospective juror then volunteered, "I have served as a juror when she was tried in court two years ago," referring to the defendant. A motion for mistrial was made and after some discussion the court recessed until the next morning. At that time he instructed the jury: "Yesterday . . . one lady who was being asked some questions inadvertently made the comment that she had been on a jury when this young lady was being tried. Let me assure you that this young lady right here has never been tried for anything. She has never been on trial for anything in the first place . . . that was an improper comment to make even if the young lady had ever been on trial, but she's never been on trial for anything."

The motion for mistrial was then properly overruled. Citing *Lingerfelt v. State,* 147 Ga. App. 371 (249 SE2d 100) (1978) the appellant enumerates error. In *Lingerfelt* several jurors were permitted to sit on the case although aware that one of the prospects on voir dire had branded the defendant as a peeping tom. *Lingerfelt* was distinguished in *Yarber v. State,* 159 Ga. App. 392 (283 SE2d 620) (1981). In the latter case all jurors or prospects who had heard the prejudicial remark on voir dire were disqualified for cause. In the present case the court categorically instructed the jury that the statement was erroneous and that "this young lady right here has never been tried for anything." We can imagine nothing more calculated to incline the jurors in her favor than this testimonial of good character. The decision, if error, was indeed harmless.

2. A motion for mistrial was made during the state's closing argument at the statement: "If you want to do something about the marijuana traffic and the sale of marijuana and drugs in Barrow County you have a chance to start today." The state's attorney then said, "I'm allowed to argue to the jury's interest in law and order. I say that's permissible argument." The court replied: "All right. I think you have done that. Go ahead."

The solicitor or district attorney has considerable latitude in imagery and illustration in impressing its responsibility upon the jury. *Terhune v. State,* 117 Ga. App. 59, 60 (159 SE2d 291) (1967);

*Minor v. State,* 143 Ga. App. 457 (2) (238 SE2d 582) (1977); *Brand v. Wofford,* 230 Ga. 750, 754 (199 SE2d 231) (1973); *Miller v. State,* 226 Ga. 730, 731 (177 SE2d 253) (1970); *Patterson v. State,* 124 Ga. 408 (1) (52 SE 534) (1905); *Shelton v. State,* 146 Ga. App. 763 (247 SE2d 580) (1978). These remarks were not such as to require a mistrial.

3. A detective identified the defendant as the person to whom he gave $10.00 and who directed him, along with a confidential informant who was operating the automobile, to an apartment the occupant of which delivered two small envelopes of marijuana to him. The evidence was sufficient to convince a rational trier of fact that the defendant was in fact participating in the sale of the drug.

*Judgment affirmed. Sognier and Pope, JJ., concur.*

DECIDED APRIL 15, 1982.

*Thomas S. Sunderland,* for appellant.
*Nat Hancock, District Attorney,* for appellee.