A90A0560. WILLIAMS v. THE STATE.
(394 SE2d 601)

McMurray, Presiding Judge.

Following a jury trial, defendant was convicted of violating the Georgia Controlled Substances Act. He was sentenced to confinement for a period of 14 years (10 years to serve and 4 years on probation). This appeal followed. In his sole enumeration of error, defendant, a black man, contends the trial court erred in ruling that the prosecutor's peremptory challenge of a particular black juror, Mrs. Lumby, was "race-neutral" as required by *Batson v. Kentucky*, 476 U. S. 79 (106 SC 1712, 90 LE2d 69).

The record demonstrates that the venire consisted of 40 white prospective jurors and 2 black prospective jurors; that the prosecutor used 2 peremptory challenges to strike the black jurors from the venire; that the jury placed upon defendant was exclusively white; and that defendant timely raised a *Batson* motion to the striking of the 2 black jurors by the prosecutor.

With regard to the striking of Mrs. Lumby, the prosecutor offered the following explanation: "Mrs. Lumby is the oldest juror on the panel. It was apparent during her response to my questions during voir dire that she seemed to have some difficulty understanding the nature of the questions, and she also seemed to have difficulty in hearing in general. She responded that she last served on the jury some twenty years ago, and that the jury could reach no verdict. . . . I . . . took . . . into consideration the fact that she was on a jury that could reach no verdict as part of my consideration for exercising this particular strike. I would like to note for the record that after the fifteen minute recess Mrs. Lumby apparently had some difficulty returning to the courtroom. She was not in the courtroom and had to be called and assisted by the Bailiff simply to enter into the courtroom. She obviously is not in the best of physical condition. All of those considerations were my reasons for exercising this particular strike."

The trial court disagreed in part with the prosecutor's assessment, finding that Mrs. Lumby did not need assistance to enter the courtroom and that she seemed to "at least hear" the prosecutor's questions although she may not have understood them. Nevertheless, the trial court overruled defendant's *Batson* motion. *Held*:

Inasmuch as the peremptory challenges exercised by the prosecutor "resulted in the total elimination of blacks from the venire, we view this as establishing a prima facie case of racial discrimination,

albeit due to the absence of any true 'pattern' of strikes giving an inference of discrimination and the minimal disparity between the black percentage of the jury and the black percentage of the panel we view this as an extremely weak prima facie case established by defendant. '(A) weak prima facie case may be rebutted more readily than a strong one.' *Gamble v. State*, [257 Ga. 325, 326 (5), 327 (357 SE2d 792)]." *Durham v. State*, 185 Ga. App. 163, 165 (3), 166 (363 SE2d 607).

We find the prima facie case established by defendant was rebutted by the prosecutor. "A trial court's finding of purposeful discrimination is a finding of fact which must be given deference by an appellate court. Ordinarily, great deference should be given to such a finding since it 'largely will turn on evaluation of credibility.' *Batson v. Kentucky*, 90 LE2d 69, supra at 89, fn. 21. 'Thus, we may only reverse the trial judge's determination that the prosecution's peremptory challenges were not motivated by intentional discrimination if that determination is clearly erroneous. *United States v. Tucker*, 773 F2d 136, 142 (7th Cir. 1985), cert. denied, __ U. S. __, 106 S.Ct. 3338, 92 L.Ed.2d 742 (1986).' *United States v. Mathews*, 803 F2d 325, 330 (7th Cir. 1986)." *McCormick v. State*, 184 Ga. App. 687, 688 (362 SE2d 472).

Given the weakness of defendant's prima facie case, and giving great deference to the trial court's finding that the prosecutor's peremptory strikes were "race-neutral," we cannot say the trial court's determination was clearly erroneous. The mere fact that the trial court may have disagreed with a portion of the prosecutor's explanation does not demonstrate that the prosecutor's peremptory strikes were motivated by intentional discrimination. See *Durham v. State*, 185 Ga. App. 163, 165 (3), 166, supra, wherein we held that "a prosecutor may strike from mistake, so long as the assumptions involved are racially neutral. *Gamble v. State*, 257 Ga. 325, 326 (2), supra."

*Judgment affirmed. Carley, C. J., and Sognier, J., concur.*

DECIDED MAY 15, 1990.

*Chandelle T. Summer*, for appellant.
*C. Andrew Fuller, District Attorney, C. David Turk III, Assistant District Attorney*, for appellee.