A90A0843. MYERS v. THE STATE.
(395 SE2d 372)

BANKE, Presiding Judge.

The appellant was convicted of possessing cocaine and marijuana. He brings this appeal from the denial of his motion for new trial. *Held*:

1. The appellant contends that the contraband should not have

been admitted because the state failed to establish the chain of custody. The forensic chemist who had analyzed the contraband testified at trial that he had briefly entrusted the sealed packages containing the drugs to his laboratory assistant for the purpose of obtaining a description of their contents. While he testified that he had remained in the laboratory with the assistant while she followed these instructions, he conceded that he had not watched her as she did so; and the assistant was not called as a witness at trial. "Where the State seeks to introduce evidence of a fungible nature, it need only show with reasonable certainty that the evidence is the same as that seized and that there has been no tampering or substitution. [Cit.] . . . The fact that one of the persons in control of a fungible substance does not testify at trial does not, without more, make the substance or testimony relating to it inadmissible." *Palmer v. State*, 250 Ga. 219 (3) (297 SE2d 22) (1982). The trial court was authorized to conclude that the state had met its burden with respect to the establishment of the chain of custody in the present case.

2. We reject the appellant's contention that the summary of his in-custody statement which was furnished to him by the state prior to trial in response to his request for discovery made pursuant to OCGA § 17-7-210 was insufficiently complete to satisfy the requirements of that Code section. See generally *Lewis v. State*, 183 Ga. App. 41, 42 (357 SE2d 862) (1987). Consequently, we hold that the trial court did not err in permitting the arresting officer to relate to the jury the contents of the statement.

3. The evidence was amply sufficient to enable a rational trier of fact to find the appellant guilty beyond a reasonable doubt of possession of cocaine and marijuana. See generally *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

4. The appellant's remaining enumerations of error are rendered moot by the foregoing.

*Judgment affirmed. Birdsong and Cooper, JJ., concur.*

DECIDED JUNE 22, 1990.

*Bennett, Wisenbaker & Bennett, C. Richard Williams, Jr., Michael S. Bennett*, for appellant.

*H. Lamar Cole, District Attorney, Catherine Helms, Assistant District Attorney*, for appellee.