## A91A0479. WALKER v. THE STATE.
### (405 SE2d 736)

SOGNIER, Chief Judge.

Kelvin Jerome Walker was convicted of kidnapping, two counts of aggravated assault, and possession of a firearm by a convicted felon. He appeals.

Appellant contends in his sole enumeration of error that the trial court erred by denying his motion made under *Batson v. Kentucky*, 476 U. S. 79 (106 SC 1712, 90 LE2d 69) (1986) challenging the State's use of peremptory strikes to remove all four of the black prospective jurors on the panel. The transcript reveals that after the prosecuting attorney acknowledged that appellant had established a prima facie case under *Batson*, she then stated for the trial court and the record the reasons behind the State's use of its peremptory strikes. She stated that the four black prospective jurors, along with three of the five white prospective jurors struck by the State, were removed because each one knew or was familiar with appellant's family. (Another prospective juror, a white woman, who was familiar with appellant's family was not struck because the prosecuting attorney understood her to say, correctly or otherwise, that the juror also knew the victim's sister. The hearing was conducted based upon recollection, and the accuracy of the attorneys' memories cannot be ascertained because voir dire was not transcribed.) The trial court accepted the prosecuting attorney's reasons and overruled appellant's motion.

"In order to rebut a prima facie case of racial discrimination in the exercise of peremptories, the prosecutor must explain each peremptory challenge of a black prospective juror. The explanation need not rise to the level justifying exercise of a challenge for cause, but it must be neutral, related to the case to be tried, and a clear and reasonably specific explanation of his [or her] legitimate reasons for exercising the challenges. The explanation offered for striking each black juror must be evaluated in light of the explanations offered for the prosecutor's other peremptory strikes, and, as well, in light of the strength of the prima facie case." (Punctuation and citations omitted.) *Bess v. State*, 187 Ga. App. 185 (1) (369 SE2d 784) (1988).

"The trial court's findings are, of course, entitled to great deference, and will be affirmed unless clearly erroneous." (Citations and punctuation omitted.) Id. at 186. The challenges here were not based upon race, but upon the prominence of appellant's family in the community, which resulted in the prospective jurors' acquaintance with appellant's family. "The trial court's ruling cannot be found clearly

erroneous when the challenge is not based upon racial grounds, but upon the racially-neutral grounds that prosecutors use every day in every court of this [S]tate. [Cits.]" *Glanton v. State*, 189 Ga. App. 505, 507 (2) (376 SE2d 386) (1988). For purposes of rebutting a *Batson* prima facie case, we find that the reason stated by the prosecuting attorney for striking seven prospective jurors, including all four of the black prospective jurors, was sufficiently racially neutral, and the trial court was authorized to make such finding. See *Burgess v. State*, 194 Ga. App. 179 (390 SE2d 92) (1990) (challenge to prospective juror who knew victim's mother but was possibly prejudiced against State was racially neutral).

*Judgment affirmed. McMurray, P. J., and Andrews, J., concur.*

DECIDED MAY 1, 1991.

*Wayne B. Kendall*, for appellant.

*William G. Hamrick, Jr.*, District Attorney, *Monique F. Kirby, George F. Hutchinson III, David Oliver*, Assistant District Attorneys, for appellee.