A92A0194. MATHIS v. THE STATE.
(418 SE2d 800)

McMURRAY, Presiding Judge.

Defendant Mathis appeals his conviction of three counts of selling a controlled substance, cocaine. Held:

1. Defendant contends that the trial court erred in denying his motion in limine. By this motion, defendant sought to exclude evidence concerning the identification of the substances which defendant had sold to an undercover law enforcement officer. Defendant asserted that the state would be unable to prove the chain of custody due to the death of a deputy sheriff who had received the evidence for transmission to the State Crime Laboratory.

The undercover officer who made the purchases from defendant testified as to his procedure of using staples to seal each of the substances he purchased in an evidence bag marked with the seller's name and attached an evidence report form before turning the bag over to other officers for transport to the crime laboratory. The crime laboratory chemist testified that at the time he received the evidence bags, from the deceased deputy sheriff, they were sealed tight and stapled shut. Defendant did not present any evidence of tampering with the evidence bags.

"Where the State seeks to introduce evidence of a fungible nature, it need only show with reasonable certainty that the evidence is the same as that seized and that there has been no tampering or substitution. The fact that one of the persons in control of a fungible substance does not testify at trial does not, without more, make the substance or testimony relating to it inadmissible. The trial court was authorized to conclude that the state had met its burden with respect to the establishment of the chain of custody in the present case. Myers v. State, 196 Ga. App. 104, 105 (395 SE2d 372). 'There being, at most, bare speculation of tampering or substitution, the trial court correctly admitted the cocaine into evidence. Johnson v. State, 143 Ga. App. 169, 170 (1) (237 SE2d 681) (1977).' Langham v. State, 196 Ga. App. 71, 72 (395 SE2d 345)." Williams v. State, 199 Ga. App. 122, 123 (2) (404 SE2d 296). See also Page v. State, 198 Ga. App. 338, 339 (2) (401 SE2d 564).

2. In his second enumeration of error, defendant complains of the

trial court's failure to charge the jury specifically that the substances tested by the State Crime Laboratory could have been tainted due to the failure of the State to prove an unbroken chain of custody. However, this issue was not preserved for appeal by any objection at trial. Defendant thus waived any error. *Cole v. State,* 200 Ga. App. 318, 321 (4) (408 SE2d 438); *Deal v. State,* 199 Ga. App. 184, 188 (6) (404 SE2d 343).

3. Defendant's final enumeration of error contends that the trial court erred in the denial of his motion under *Batson v. Kentucky,* 476 U. S. 79 (106 SC 1712, 90 LE2d 69). While the State used all its peremptory strikes to remove ten of the eleven black members of the jury panel, the trial court's conclusion that the prosecutor had provided a racially neutral explanation for challenging the prospective black jurors cannot be found to be clearly erroneous. Eight of the ten were properly stricken because they knew defendant. *Weaver v. State,* 200 Ga. App. 82 (2) (406 SE2d 574). One of the prospective jurors' grandson was being prosecuted for a criminal offense. See *Cook v. State,* 199 Ga. App. 14 (1), 15 (404 SE2d 128). The final prospective black juror was stricken based on information received by the prosecutor from law enforcement officers that this individual had connections in the illegal drug business. As the prosecutor's reasons for striking the prospective jurors were racially neutral, related to the case to be tried, and presented clear and specific reasons for exercising the challenges, the trial court did not err in denying the *Batson* challenge. *Walker v. State,* 199 Ga. App. 638 (405 SE2d 736).

*Judgment affirmed. Sognier, C. J., and Cooper, J., concur.*

DECIDED MAY 15, 1992.

*Byrd & Anthony, Lovick P. Anthony, Jr.,* for appellant.
*Douglas C. Pullen, District Attorney, Kim B. Hoffman, Assistant District Attorney,* for appellee.