## A93A0726. DIGGS v. THE STATE.
(432 SE2d 616)

BLACKBURN, Judge.

The appellant, Darrell Diggs, was convicted of robbery by sudden snatching. On appeal, he contends that the state was allowed to use its peremptory strikes in a racially discriminatory manner, and that the evidence was insufficient to support his conviction.

1. Following selection of the jury, defense counsel challenged the state's use of its peremptory strikes to exclude young black males from the jury, pursuant to *Batson v. Kentucky,* 476 U. S. 79 (106 SC 1712, 90 LE2d 69) (1986). In response, the state pointed out that whereas only one-fourth of the jury venire was black, seven of the twelve jurors selected were black; further, the state had only used four peremptory strikes, although three of those were used to exclude blacks. The defendant based his challenge solely on the state's rejection of those three black jurors, two of whom were male. The trial court found that the defendant had not shown a prima facie case, and did not require the state to explain its peremptory strikes.

In order to establish a prima facie case of purposeful discrimination in jury selection under *Batson,* a defendant must show (1) that he is a member of a cognizable racial group; (2) that the prosecutor exercised peremptory strikes to remove from the venire members of the defendant's race; and (3) that these facts and any other relevant circumstances raise an inference that the prosecutor used the peremptory strikes to exclude jurors on account of their race. *Burgess v. State,* 189 Ga. App. 790 (377 SE2d 543) (1989). In the instant case, however, "[s]ince the percentage of blacks on the jury was, as a result of the use of peremptory strikes, higher than that of the panel from which they were chosen, [the defendant] did not show a prima facie

case of discrimination." (Citations and punctuation omitted.) *Collins v. State,* 201 Ga. App. 433, 434-435 (411 SE2d 341) (1991). Accord *Brown v. State,* 261 Ga. 184 (3) (402 SE2d 725) (1991) (where there was a greater percentage of blacks on the jury than the venire, and the defendant failed to present any other relevant circumstances raising an inference of discriminatory purpose).

2. At trial, the clerk of a Family Dollar Store testified that on September 13, 1991, Diggs came into the store and approached the counter to buy a pack of gum. When the clerk rang up the purchase, Diggs snatched some money from the open cash register drawer, and ran out of the store. A surveillance video camera taped the entire incident, and another store employee recognized Diggs, who had been one of her high school classmates. Audit of the cash register immediately following the incident revealed that a little over $40 was missing. Diggs was arrested at his residence, where clothing matching that worn by the robber was found. Diggs subsequently gave an inculpatory statement admitting that he committed the robbery.

Viewing the evidence in the light most favorable to the jury verdict, we find the evidence sufficient to authorize a rational trier of fact to find Diggs guilty beyond a reasonable doubt of robbery by snatching. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Brown v. State,* supra.

*Judgment affirmed. Johnson and Smith, JJ., concur.*

DECIDED JUNE 8, 1993.

*James A. Yancey, Jr.,* for appellant.
*W. Glenn Thomas, Jr., District Attorney, Carol L. Stokes, Assistant District Attorney,* for appellee.