S93A0712. BERRY v. THE STATE.
(435 SE2d 433)

CLARKE, Chief Justice.

This marks appellant's second appearance before this Court on this case. See *Berry v. State*, 262 Ga. 614 (422 SE2d 861) (1992) for the facts.[1]

On his first appeal, appellant claimed that the trial court erred in denying his *Batson* objection. See *Batson v. Kentucky*, 476 U. S. 79 (106 SC 1712, 90 LE2d 69) (1986). The prosecution used nine of the ten objections to strike black jurors. Originally the trial court found that the appellant did not make a prima facie showing of discrimination since a higher percentage of African-Americans actually served on the jury than were available in the jury venire. We remanded the case to the trial court for a hearing on the issue of whether the prosecution's strikes were racially neutral using the "additional scrutiny" standard required by *Weems v. State*, 262 Ga. 101 (416 SE2d 84) (1992); *Berry*, 262 Ga. at 615.

At the hearing on remand, the prosecution explained its strategy for striking potential jurors. The prosecution excused women over the

---

[1] The crime occurred on February 2, 1991. Appellant was indicted for malice murder, felony murder, and aggravated assault on May 14, 1991, in Fulton County. He was re-indicted on August 20, 1991, to add a charge of armed robbery. Appellant was convicted of malice murder and armed robbery and sentenced to life imprisonment for the malice murder count and a consecutive life term for armed robbery. On December 2, 1992, this Court remanded the case to the trial court for further proceedings. After a hearing on January 14, 1993, the trial court denied appellant's motion for new trial on January 20, 1993. Appellant filed a notice of appeal on February 11, 1993. The case was submitted without oral argument on March 26, 1993.

age of 50 because it felt that the defendant was young and would invoke pity from the older women. Older women, the state argued, would also be less likely to believe the "jailbird witnesses" for the state. Finally, the prosecution believed that the defense attorney's style and demeanor were more appealing to older women. In keeping with this strategy, the prosecution struck seven women over the age of fifty. The state did not, however, excuse two women, one black and one white, over the age of seventy. One woman had served on a grand jury and appeared to be a favorable juror for the state. The other juror, white and age 71, was, in the words of the prosecution, dressed in "high fashion," a "oner." She was independent and a working woman. The assistant district attorney conducting the trial felt she "connected" with her and that this juror was "different" despite her age.

Two other jurors the state excused were African-Americans. The prosecution struck one woman, forty-one-year-old Clarice Byrd, because she seemed hostile. The prosecutor felt she "had to pull hens' teeth to get her to talk. . . ." The next venire member excused by the state was a black male. This strike was not contested by the appellant. The state excused this potential juror because the next member on the venire was a surgeon. Since the time of the death of the victim was an issue in the trial, the prosecution wanted a doctor on the jury. The trial court found that the state gave racially neutral reasons for each peremptory strike, and denied the appellant's motion for a new trial. In evaluating the trial court's findings, this Court must keep in mind the unique perspective the trial court judge has in evaluating the rationale given by the state. A cold transcript cannot convey all of the subtle nuances of the process of jury selection.

This court gives the trial court's findings great deference. *Batson*, 106 SC at 1723. This Court, however, will not subvert the policy of *Batson* by acting as a rubber stamp, accepting all nonracial explanations of the court without exception. The prosecution must show that its peremptory strikes of jurors are neutral, related to the case to be tried, and clear and reasonably specific. *Gamble v. State*, 257 Ga. 325, 327 (357 SE2d 792) (1987).

The state made clear that most of its peremptory challenges were based on a strategy of excusing the older venire members. Only Ms. Byrd was excused because the prosecutor did not like her. "A court . . . may be less troubled by one relatively weak explanation for striking a black juror when all the remaining explanations are persuasive. . . ." *Gamble*, 257 Ga. at 327. Unfortunately, this Court cannot determine from the transcript if Ms. Byrd's answers were hostile or short. Given the strength of the prosecution's other answers and the trial judge's findings, however, we cannot now say that the prosecutor's explanation was a mere pretext.

Because the prosecutor's reasons for striking the prospective jurors were racially neutral, related to the case to be tried, and presented clear and specific reasons for exercising the challenges, the trial court did not err in denying the *Batson* challenge. *Walker v. State,* 199 Ga. App. 638 (405 SE2d 736) (1991).

*Judgment affirmed. All the Justices concur.*

A concurring opinion by Justice Benham was inadvertently omitted from the advance sheets. It is set out on page 909 of this volume.

DECIDED OCTOBER 12, 1993 —
RECONSIDERATION DENIED NOVEMBER 4, 1993.

*Steven W. Reighard,* for appellant.

*Lewis R. Slaton, District Attorney, Carl P. Greenberg, Leonora Grant, Assistant District Attorneys, Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, C. A. Benjamin Woolf, Assistant Attorney General,* for appellee.