A93A2323. BYERS v. THE STATE.
A93A2324. THOMPSON v. THE STATE.
(441 SE2d 290)

COOPER, Judge.

Appellants, Ronald Byers and Cecila Thompson, were jointly tried and convicted of possession of cocaine. They appeal separately from their convictions and sentences. Casanova Pritchett, a third defendant, was not tried with appellants.

The evidence adduced at trial showed that around midnight on February 20, 1992, two detectives were sitting in a tree surveilling a known drug area with binoculars when they observed appellants Byers and Thompson drive up in Byers' car and stop near a group of men standing in the street. Several of the men walked up to the driver's side of the car and spoke briefly to appellants. Byers drove off, circled the block and returned. Thompson got out and Byers drove around the block again. Thompson walked up to co-defendant Pritchett who searched her. Thompson handed money to Pritchett who shook out several small objects from a small bottle and gave them to Thompson. Byers returned, Thompson got into the car and they left. The detectives called for a patrol car which stopped Byers' vehicle a short time later. The officer requested that Thompson exit the car and, as she did so, a white napkin fell out on the ground. When the officer observed Thompson trying to step on the napkin, he examined it and found a piece of crack cocaine inside. He also found two pieces of crack cocaine and some powdered crack cocaine next to

the napkin. A set of scales was also found in the car. The detectives testified at trial that, based on their experience, the transaction they witnessed appeared to be a drug buy and that it was not uncommon for a seller to tell the buyer to leave briefly while the seller retrieved the drugs.

Thompson testified and denied that the cocaine was hers. She testified that Byers had given her a ride and that she had met up with Pritchett because Byers had been looking for marijuana. She further testified that when Byers saw the police he said "I'm throwing the sh— out the window" and that he threw a medicine bottle containing "Xanax and stuff like that out the window." Byers testified that Thompson had asked him to give her a ride to the area where he dropped her off. Thompson wanted him to wait for her; he was nervous about the neighborhood, so he drove around once and came back. He denied any knowledge of the cocaine or the scales. He further denied having driven around the block twice or talking to the men in the street.

1. Thompson and Byers both contend the evidence was insufficient to support their convictions.

(a) As related above, the detectives observed Thompson purchase several small objects from co-defendant Pritchett in what the detectives believed to be a drug transaction. When Thompson and Byers were pulled over a short time later, the arresting officer saw a napkin which contained several pieces of crack cocaine fall out of the car with Thompson. Further, Thompson tried to either hide or destroy the contraband by stepping on the napkin. This evidence was sufficient to enable a rational trier of fact to find Thompson guilty of possession of cocaine beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

(b) Byers contends that the evidence was insufficient to convict him because there was no evidence that he was in possession of the cocaine which fell out of the car with Thompson. Specifically, Byers contends that the only connection between him and the cocaine is that Thompson was a passenger in his car. He correctly argues that a finding of constructive possession must be based on more than mere "spacial proximity."

"Possession may be joint or exclusive, and actual or constructive. As a general rule, when drugs are found in the immediate presence of the defendant, the jury is authorized to find they are in constructive possession of the accused. To warrant a conviction on circumstantial evidence, the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused. Whether this burden has been met is a question for the jury, and its determination will not be disturbed unless the verdict is insupportable as a matter or law." (Cita-

tions and punctuation omitted.) *Carswell v. State*, 201 Ga. App. 746, 747 (412 SE2d 572) (1991).

The detectives testified that they observed Byers and Thompson drive up and speak to a group of men under surveillance for suspected drug activity from the driver's side of Byers' car. Byers circled the block and Thompson exited his car and, after being searched by Pritchett, Thompson purchased several small objects from Pritchett while Byers again circled the block and picked Thompson up. The detectives testified that they believed this to be a drug transaction and that it is commonplace for purchasers to circle the block while the seller retrieves the drugs. Shortly after the transaction, Byers' car was stopped and the cocaine and the napkin, which were apparently in plain view, fell out of Byers' car with Thompson. Although Byers claimed he only gave Thompson a ride, he also denied driving around the block twice or speaking to the suspected drug sellers. The evidence presented at trial was sufficient to enable a rational trier of fact to find Byers guilty beyond a reasonable doubt of possession of cocaine under the standard of *Jackson v. Virginia*. See *Jones v. State*, 207 Ga. App. 46 (427 SE2d 40) (1993); *Carswell*, supra at 748.

2. Thompson, who is black, also contends the trial court erred in denying her motion under *Batson v. Kentucky*, 476 U. S. 79 (106 SC 1712, 90 LE2d 69) (1986), because the State improperly used its peremptory challenges to strike all three blacks from the pool of prospective jurors. "The preliminary issue of whether [Thompson] established a prima facie case of discrimination is moot because the prosecutor offered purportedly race-neutral explanations for the peremptory challenges and the trial court ruled on the ultimate question of intentional discrimination. [Cit.] We therefore need only address the sufficiency of the prosecutor's explanations for the exercise of the [three] peremptory strikes of black [veniremen]." *Chunn v. State*, 210 Ga. App. 209, 210 (2) (435 SE2d 728) (1993).

The trial court's findings are entitled to great deference and will be affirmed unless clearly erroneous. *Higginbotham v. State*, 207 Ga. App. 424, 426 (3) (428 SE2d 592) (1993). "The prosecution must show that its peremptory strikes of jurors are neutral, related to the case to be tried, and clear and reasonably specific. [Cit.]" *Berry v. State*, 263 Ga. 493, 494 (435 SE2d 433) (1993). Here, the prosecutor explained that he struck all three potential jurors because they knew the defendant. He also explained that one prospective juror had a daughter who had been prosecuted by the district attorney's office for a drug offense and that another had voted against the State in a prior criminal trial. He further explained that the third prospective juror "seemed to know [Thompson] fairly well."

Contrary to Thompson's contention, the prosecutor's explanation that he used peremptory challenges to strike the prospective jurors

because they knew the defendant provides a proper and racially neutral basis for the exercise of his challenges. *Mathis v. State*, 204 Ga. App. 244, 245 (3) (418 SE2d 800) (1992); *Glanton v. State*, 189 Ga. App. 505 (2) (376 SE2d 386) (1988). The prosecutor's concern that two of the jurors might be biased against the State also provides a racially neutral reason for the use of his challenges. See *Chunn*, supra at 210 (2). The trial court did not err in denying the *Batson* motion. See *Mathis*, supra at 245 (3).

*Judgments affirmed. Beasley, P. J., and Smith, J., concur.*

DECIDED FEBRUARY 16, 1994.

*J. Tracy Ward*, for Byers.

*Bates, Kelehear, Starr & Toland, James E. Toland, Jr.*, for Thompson.

*Jack O. Partain III, District Attorney, Herbert M. Poston, Jr., Assistant District Attorney*, for appellee.