A94A1028. TEASLEY v. THE STATE.
(448 SE2d 904)

BIRDSONG, Presiding Judge.

Lee Anthony Teasley appeals his conviction for violation of the Georgia Controlled Substances Act by possessing cocaine with the intent to distribute (OCGA § 16-13-30 (b)). Teasley contends the trial court erred by denying his *Batson* challenge, by denying his motion for a directed verdict of acquittal, and by charging the jury improperly. *Held*:

1. Teasley, who is black, contends the trial court erred by denying his motion under *Batson v. Kentucky,* 476 U. S. 79 (106 SC 1712, 90 LE2d 69), because the State struck the sole black person in the pool of potential jurors. We need not consider whether Teasley established a prima facie case of discrimination under *Batson*; that issue is moot because the prosecutor offered purportedly race-neutral explanations for the peremptory challenge and the trial court ruled on the ultimate question of intentional discrimination. Thus, we must address only the sufficiency of the prosecutor's explanation for the peremptory challenge of the sole black venireman. *Chunn v. State,* 210 Ga. App. 209, 210 (435 SE2d 728). See *Smiley v. State,* 263 Ga. 716, n. 2 (438 SE2d 75). Here, after the prosecutor stated that he exercised the peremptory strike because the potential juror indicated he was a personal friend of the defendant, they attended school together, and played on sports teams together, and because the potential juror had personal dealings with the defense counsel's law firm, the trial court ruled that there had been no *Batson* violation.

When responding to a *Batson* motion, the prosecution must show that its peremptory strikes of jurors are neutral, related to the case to be tried, and clear and reasonably specific (*Berry v. State,* 263 Ga. 493, 494 (435 SE2d 433)) and must offer concrete, tangible, race-neutral and neutrally applied reasons for its strikes. *Ford v. State,* 262 Ga. 558, 560 (423 SE2d 245). Given the personal relationship between Teasley and the prospective juror, the explanation given provided proper and racially neutral reasons for exercising the strike. *Strozier*

*v. Clark*, 206 Ga. App. 85, 87 (424 SE2d 368); *Mathis v. State*, 204 Ga. App. 244, 245 (418 SE2d 800); *Glanton v. State*, 189 Ga. App. 505 (376 SE2d 386). Further, "[a] prosecutor does not act unreasonably when he is concerned about personal or professional relationships between prospective jurors and the defendant or his attorney." *Osborne v. State*, 263 Ga. 214, 216 (430 SE2d 576). Although Teasley contends that with the small black population of his county it is invariable that black potential jurors will know a black defendant, merely knowing the defendant was not the basis the prosecutor asserted. Instead, the prosecutor stated, without rebuttal, the potential juror was a schoolmate, teammate, and personal friend of Teasley. This relationship transcends Teasley's argument that they were merely part of the same small black community. Additionally, even though the relationship between the potential juror and defense counsel's firm was not described in detail, Teasley does not contend that the potential juror did not have some relationship with the law firm. Teasley also contends the trial court erred by not making a specific finding that the prosecution had rebutted his prima facie case. Although the trial court did not make specific findings, such a finding is implicit in overruling a *Batson* objection. *Stephens v. Ivey*, 212 Ga. App. 407, 409 (442 SE2d 248). As the ruling by the trial court was not clearly erroneous, there was no error. *Higginbotham v. State*, 207 Ga. App. 424, 426 (428 SE2d 592).

2. Teasley contends the trial court also erred by denying his motion for a directed verdict of acquittal based upon the prosecution's alleged failure to prove that he possessed cocaine with the intent to distribute. Teasley further contends the trial court erred by denying his motion for a new trial based upon the same argument.

Under our law, a directed verdict of acquittal should be granted only when there is no conflict in the evidence and the evidence with all reasonable deductions and inferences therefrom demands a verdict of acquittal as a matter of law. OCGA § 17-9-1 (a); *Taylor v. State*, 252 Ga. 125 (312 SE2d 311). In reviewing the denial of such a motion, the reviewing court may consider all the evidence in the case (*Bethay v. State*, 235 Ga. 371, 375 (219 SE2d 743)), and must view the evidence in the light most favorable to the verdict. *Humphrey v. State*, 252 Ga. 525, 527 (314 SE2d 436). Reviewing the evidence in this fashion shows that police officers were watching a location known for drug activity when they saw Teasley take a plastic bag from his pocket and transfer something from the bag to two women. Later, the officers saw Teasley again take the bag from his pocket, remove objects from the bag, and after looking around, conceal the bag on the ground. While still watching Teasley, the officers directed another officer to the location of the bag and this officer found the bag where it was concealed. Objects found in the bag were tested and found to be positive for

cocaine. Therefore, there was ample evidence from which any rational trier of fact could find beyond a reasonable doubt that Teasley was guilty of possession of cocaine with the intent to distribute. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Humphrey v. State*, supra. Accordingly, the trial court did not err by denying appellant's motion for a directed verdict of acquittal.

Teasley's argument that the trial court erred by denying his motion for a new trial is without merit for the reasons discussed above. *Humphrey v. State*, supra.

3. Teasley alleges that the trial court's charge on the element of intent to distribute was deficient, as the trial court did not instruct the jury adequately that intent was an essential element which must be proven beyond a reasonable doubt. We find no merit to this allegation. Review of the charge given shows the trial court charged that Teasley was charged with unlawful possession of cocaine with intent to distribute, that the State must prove the essential elements of the offense beyond a reasonable doubt, and that intent was an essential element which must be proven. Considering the charge given, there is no factual support for Teasley's enumeration.

*Judgment affirmed. Senior Appellate Judge Harold R. Banke concurs. Blackburn, J., concurs specially.*

BLACKBURN, Judge, concurring specially.

I concur fully with the majority's opinion in Divisions 2 and 3. Although I concur in the result reached by the majority in Division 1, I write separately to reiterate the three-step process for evaluating a *Batson* challenge. Teasley does not challenge the racial makeup of the venire.

In order to establish a prima facie case of purposeful discrimination in violation of *Batson*, a criminal defendant must show that he is a member of a cognizable racial group, that the prosecutor exercised peremptory strikes to exclude jurors on account of their race, and that these facts and any other relevant circumstances raise an inference that the prosecutor used the peremptory strikes to exclude jurors from the venire based upon race. *Diggs v. State*, 208 Ga. App. 875 (1) (432 SE2d 616) (1993). The burden then shifts to the prosecution to articulate concrete, tangible, race-neutral and neutrally applied reasons for the exercise of the strikes. *Ford v. State*, 262 Ga. 558 (423 SE2d 245) (1992). The trial court then determines whether or not there has been purposeful discrimination based upon race by the State in the jury selection process. *Kelly v. State*, 209 Ga. App. 789 (434 SE2d 743) (1993).

In the case sub judice, because the peremptory challenge exercised by the prosecution resulted in the elimination of the only African-American from the venire, a prima facie case of racial discrimina-

tion has been established. See *Williams v. State*, 195 Ga. App. 648 (394 SE2d 601) (1990). "A weak prima facie case may be rebutted more readily than a strong one." (Citations and punctuation omitted.) Id. at 649. Considering the stricken juror's personal relationship with the defendant and the juror's personal dealings with defense counsel's firm, the prosecution met its burden in providing sufficient concrete, tangible, and racially-neutral reasons in removing the African-American venireman from the 34-member venire. See *Henderson v. State*, 257 Ga. 434 (3) (360 SE2d 263) (1987); *Williams*, supra. Accordingly, the trial court's ruling on this issue was not clearly erroneous. Id.

DECIDED AUGUST 4, 1994 —
RECONSIDERATION DISMISSED SEPTEMBER 16, 1994.

*Mitchell, Coppedge, Wester, Bisson & Miller, E. Neil Wester III,* for appellant.

*Jack O. Partain III, District Attorney, Albert H. Tester, Assistant District Attorney,* for appellee.