A95A2849. HIGHTOWER v. THE STATE.
(469 SE2d 295)

McMURRAY, Presiding Judge.

Defendant was tried before a jury upon an indictment charging him with selling cocaine in violation of Georgia's Controlled Substances Act. Special Agents Vickey Horton and Larry Duren of the Georgia Bureau of Investigation testified that, while working undercover with a confidential informant, defendant sold Special Agent Horton two pieces of "crack" cocaine. The special agents testified

that the drug transaction occurred after the confidential informant maneuvered a vehicle next to a vehicle defendant was operating on a street in Jackson, Georgia; that Special Agent Horton, while seated beside the confidential informant, asked defendant for a quantity of "crack" cocaine; that defendant instructed the undercover agents to drive around the block, and that defendant there completed the illegal drug transaction. Both Special Agent Horton and Special Agent Duren testified that they observed defendant when he walked over to the car in which they were passengers and that they closely examined defendant's face as he leaned through the driver's window and handed Special Agent Horton the "crack" cocaine.

The jury found defendant guilty of selling cocaine. This appeal followed the entry of judgment of defendant's conviction and his sentence. *Held*:

1. Defendant first contends the trial court erred in denying his motion under *Batson v. Kentucky*, 476 U. S. 79 (106 SC 1712, 90 LE2d 69) (1986), arguing that the State did not give racially neutral reasons for using all six of its strikes to exclude black members of the panel.

"In reviewing the trial court's disposition of a *Batson* motion, we must bear in mind that the prosecutor's explanation need not justify a challenge for cause, but must be neutral, related to the case to be tried, and reasonably specific. *Gamble v. State*, 257 Ga. 325, 327 (5) (357 SE2d 792) (1987). The trial court's decision rests largely upon assessment of the prosecutor's state of mind and credibility; it therefore lies ' "peculiarly within a trial judge's province." (Cits.)' *Smith v. State*, 264 Ga. 449, 454 (448 SE2d 179) (1994). The trial court's factual findings must be given great deference and may be disregarded only if clearly erroneous. *Lingo v. State*, 263 Ga. 664, 666 (1) (b) (437 SE2d 463) (1993)." *Sorrells v. State*, 218 Ga. App. 413 (2), 414 (461 SE2d 904).

In the case sub judice, the State's attorney explained that he struck all six prospective jurors because they either knew defendant or were familiar with a member of defendant's family. The trial court then reflected upon voir dire and affirmed that each juror the State excluded responded that they either knew defendant or that they were acquainted with a member of defendant's family. Contrary to defendant's contention, this explanation constitutes a racially neutral basis for the exercise of the State's challenges. See *Byers v. State*, 212 Ga. App. 110, 112 (2) (441 SE2d 290); *Mathis v. State*, 204 Ga. App. 244, 245 (3) (418 SE2d 800); *Glanton v. State*, 189 Ga. App. 505 (2) (376 SE2d 386). Accordingly, the trial court did not err in finding that the reasons offered by the State in the case sub judice for excluding six prospective black jurors were sufficiently race neutral to withstand defendant's challenge under *Batson v. Kentucky*, 476 U. S. 79, supra.

2. Defendant next contends the trial court erred in denying his motion for a postponement for the selection of another jury, arguing that a juror was tainted when she inadvertently entered the courtroom during a proceeding in which defendant was sternly admonished for being uncooperative and not complying with courtroom decorum.

After a jury was empaneled and before the introduction of evidence, the trial court called defendant into the courtroom, outside the presence of the jury, and admonished defendant that reports of his belligerent and uncooperative attitude as well as indications of his noncompliance with courtroom decorum would not be tolerated. The trial court firmly cautioned defendant to either cooperate and act like a gentleman or appear at trial in chains and a gag. After the matter concluded, defense counsel pointed out that a juror had entered the courtroom during the proceedings. The trial court summoned the subject juror, outside the presence of other jurors, and asked whether she heard anything that "would affect [her] ability to be completely fair and impartial in this case?" The juror responded negatively and explained that "I was more embarrassed than anything else and then I realized that I should have come up the other way." Defense counsel asked, "During the time that you passed through the courtroom a moment ago, did you hear distinctly anything that was said?" The juror responded, "No, sir, I did not even realize who was in here until I got through." Before allowing the juror to return to the jury room, the trial court directed her not to "mention anything to any of the other Jurors or anyone else about the questions here."

Defendant cites *Lingerfelt v. State*, 147 Ga. App. 371 (249 SE2d 100), in support of this enumeration. "In *Lingerfelt* several jurors were permitted to sit on the case although aware that one of the prospects on voir dire had branded the defendant as a peeping tom." *Ansley v. State*, 162 Ga. App. 135 (1) (290 SE2d 215). In the case sub judice, none of the jurors, including the juror who inadvertently wandered into the courtroom, heard the stern warning for defendant to cooperate, comply with courtroom decorum and act like a gentleman. Under these circumstances, we cannot say the trial court erred in denying defendant's motion for a continuance so that another jury could be empaneled. See *Swint v. State*, 199 Ga. App. 515 (1), 516 (405 SE2d 333).

3. Defendant contends the trial court erred in allowing Special Agents Horton and Duren to testify that they identified defendant from a photographic lineup immediately after the illegal drug transaction. This contention is without merit. The special agents both testified that it was not dark outside when they encountered defendant and that they closely examined defendant when he leaned through the driver's window and handed Special Agent Horton the "crack" cocaine. These circumstances reveal that the undercover agents had

ample opportunity to view defendant during commission of the crime charged so as to make misidentification highly unlikely. *Cantrell v. State*, 201 Ga. App. 93, 95 (2), 96 (410 SE2d 193).

4. The trial court did not err in admitting into evidence the police photograph of defendant that Special Agents Horton and Duren selected from the photographic lineup. See *Dowdy v. State*, 169 Ga. App. 14, 16 (4) (311 SE2d 184).

5. In his final enumeration, defendant contends the trial court erred in allowing evidence of his prior conviction for selling cocaine to Special Agent Denise Norman of the Georgia Bureau of Investigation on April 25, 1988. Defendant argues that there is insufficient similarity or connection between the prior offense and the crime charged so that proof of the former tends to prove the latter. See *Williams v. State*, 261 Ga. 640, 642 (2b) (409 SE2d 649). Defendant also asserts that the State failed to prove that he was the perpetrator of the crime charged, arguing that Special Agent Norman could not positively identify him as the perpetrator of the prior similar act. These arguments are without merit.

Although Special Agent Norman could not positively identify defendant because six years had elapsed since commission of the prior criminal act, it is undisputed that an undercover drug transaction described by Special Agent Norman as occurring on April 25, 1988, is the incident which forms the basis of defendant's prior conviction for selling cocaine. Further, both the crime charged and defendant's prior criminal conduct involve street sales of "crack" cocaine and both incidents involve the same method of operation. That is, on both occasions defendant approached vehicles that were cruising the streets in Butts County, Georgia, initiated inquiry with occupants of the meandering vehicles, made inquiry as to the occupants' needs, and then excused himself momentarily but soon returned with the amounts of "crack" cocaine that had been ordered. The prior offense and the crime charged both involve the sale of a type and amount of cocaine that is consistent with consumptive use of the illegal drug. Under these circumstances, we find the evidence of similarity sufficient. Accordingly, the trial court did not err in admitting evidence of defendant's prior conviction for selling cocaine. See *Cantrell v. State*, 212 Ga. App. 288 (1), 289 (441 SE2d 879).

*Judgment affirmed. Andrews and Blackburn, JJ., concur.*

DECIDED FEBRUARY 9, 1996.

*Garland & Milam, Richard G. Milam*, for appellant.
*Tommy K. Floyd, District Attorney, Kelley S. Powell, Assistant*

*District Attorney*, for appellee.