A08A0117. FERGUSON v. THE STATE.
(663 SE2d 760)

SMITH, Presiding Judge.

Patrick Ferguson was charged by accusation with possession of marijuana with the intent to distribute. His first trial ended in a mistrial after the jury was unable to reach a verdict. After a second

trial, he was found guilty and sentenced as a recidivist. His amended motion for new trial was denied, and he appeals, contending that his counsel was ineffective in failing to file a motion to suppress and that his *Batson* motion should have been granted. We disagree and affirm.

1. Ferguson contends that his counsel was ineffective in failing to file a motion to suppress evidence obtained under a search warrant for a package delivered to a UPS store and claimed by Ferguson. But while he raised the issue of ineffective assistance of counsel in his amended motion for new trial, Ferguson asserted only that trial counsel was ineffective in failing to subpoena witnesses. He failed to raise the issue of the execution of the search warrant in his motion for new trial, and he therefore has "waived the right to argue this issue on appeal.[1] Where the issue of trial counsel's effectiveness has been raised on motion for new trial, any claims not raised at that time are waived." (Citations and punctuation omitted.) *Godfrey v. State*, 274 Ga. App. 237, 240 (1) (d) (617 SE2d 213) (2005).

Even had it not been waived, Ferguson's claim of ineffective assistance is wholly without merit. Citing no legal authority save OCGA § 17-5-21 (a) and *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984), he argues that because the search warrant named the package itself and not his automobile, officers were required to execute the warrant before he entered his car. But "[s]earch warrants are not directed at persons; they authorize the search of 'places' and the seizure of 'things,' and as a constitutional matter they need not even name the person from whom the things will be seized." (Citations and punctuation omitted.) *Scott v. State*, 213 Ga. App. 84, 86 (1) (444 SE2d 96) (1994). "If a search warrant, read as a whole, points out the premises, person or property to the exclusion of all others, and on inquiry leads the officers unerringly to them, it meets the description requirement." (Citations and punctuation omitted.) *Minter v. State*, 206 Ga. App. 692, 693 (1) (426 SE2d 169) (1992). The police obtained a search warrant for a particular package "located at 4002 Stone Mountain Highway (U.S. 78), Suite 530, Snellville, Gwinnett County, Georgia." The supporting affidavit described the package, including its specific tracking number. The package was located at that address and was seized at that address, although Ferguson was at the point of departing with the package in his vehicle at the time officers seized it. "Failure to raise a meritless objection cannot constitute ineffective assistance of counsel." (Citations and punctuation omitted.) *Wright v. State*, 265

---

[1] The trial court was made aware of this omission and heard some testimony from trial counsel about the search warrant out of "an abundance of caution." However, even then, trial counsel was not questioned on the issue raised on appeal, but on the execution of the warrant by an officer other than the one who obtained it.

Ga. App. 855, 858 (1) (c) (595 SE2d 664) (2004). This enumeration of error is without merit.

2. Ferguson also contends that the trial court erred in denying his motion under *Batson v. Kentucky*, 476 U. S. 79 (106 SC 1712, 90 LE2d 69) (1986), challenging the State's use of one strike to exclude an African-American member of the jury panel.

> In reviewing the trial court's disposition of a *Batson* motion, we must bear in mind that the prosecutor's explanation need not justify a challenge for cause, but must be neutral, related to the case to be tried, and reasonably specific. The trial court's decision rests largely upon assessment of the prosecutor's state of mind and credibility; it therefore lies peculiarly within a trial judge's province. The trial court's factual findings must be given great deference and may be disregarded only if clearly erroneous.

(Citations and punctuation omitted.) *Hightower v. State*, 220 Ga. App. 165, 166 (1) (469 SE2d 295) (1996). The threshold issue of whether Ferguson established a prima facie case of discrimination is moot because the State offered purportedly race-neutral reasons for its strikes. See *Byers v. State*, 212 Ga. App. 110, 112 (2) (441 SE2d 290) (1994).

Accordingly, we must determine whether the State's proffered reasons for striking the juror in question were race-neutral. *Byers*, supra, 212 Ga. App. at 112 (2); see also *Jackson v. State*, 265 Ga. 897, 898 (2) (463 SE2d 699) (1995). A race-neutral explanation need not be persuasive, plausible or even make sense, id. at 898-899, but must simply be "based on something other than the race of the juror. Unless a discriminatory intent is inherent in the proponent's explanation, the reason offered will be deemed race neutral." (Citation and punctuation omitted.) Id. at 898.

Under these guidelines, the State's explanation for its strike was race-neutral. The prosecutor stated that he excused the juror because the juror responded affirmatively to the question of whether he, a friend, or a family member had been prosecuted by Gwinnett County.[2] Moreover, an uncle who raised the prospective juror had a substance abuse problem with cocaine and marijuana. "A strike based on the prospective juror's relationship with a person who has been in trouble with the law is . . . race-neutral. [Cit.]" *Smith v. State*, 236 Ga. App. 122, 124 (2) (511 SE2d 223) (1999). See also

---

[2] Although Ferguson claims that this juror "never said anything about having a friend or family member prosecuted by the State," the juror did respond affirmatively to this question, and his response was recorded.

*Jenkins v. State*, 269 Ga. 282, 290 (11) (498 SE2d 502) (1998) (criminal history of family member sufficiently race-neutral reason). In addition, the involvement of a family member with drugs is "a sufficiently neutral and legitimate explication" for a strike. *Rogers v. State*, 205 Ga. App. 739, 743 (4) (423 SE2d 435) (1992) (full concurrence in Division 4). The trial court did not abuse its discretion in denying the motion because the State offered an adequate race-neutral reason for the exercise of its peremptory strike.

*Judgment affirmed. Mikell and Adams, JJ., concur.*

DECIDED JUNE 17, 2008.

*Michael M. Sheffield*, for appellant.

*Daniel J. Porter, District Attorney, Stephen A. Fern, Assistant District Attorney*, for appellee.